JACOB H. DICKMAN v. WILLIAM H. DRYDEN and Others.[1]

July 10, 1903.

Nos. 13,252—(157).

**Deed by Married Woman—Laches.**

A married woman, her husband not joining, conveyed by warranty deeds certain premises, and received as consideration the market value of the land. The grantee knew that the husband had not joined in the deeds, but entered into possession, improved the property, paid the taxes, and received no notice of any intention by the grantor to repudiate the transaction for more than nineteen years. The grantor then moved to

[1] Reported in 95 N. W. 1120.

another state, obtained a divorce from her husband upon the ground of desertion, and deeded the premises to plaintiff, who had full knowledge of all the facts.

**Laches.**

In an action brought by the second grantee to set aside the former deeds, *held*, the plaintiff's grantor was guilty of laches in failing until the time stated to assert her rights, and for that reason plaintiff was not entitled to the relief.

Action in the district court for Cottonwood county to cancel and annul certain deeds of land and the record thereof, and to determine the adverse claims of defendants to the premises therein described. The case was tried before P. E. Brown, J., who found in favor of defendants. From a judgment entered pursuant to the order, plaintiff appealed. Affirmed.

*Wilson Borst,* for appellant.

The conclusion of law on the part of the court is as follows: "The plaintiff is not entitled to any relief in this action, and the defendants are entitled to judgment so adjudging." While this conclusion of law is general and gives no reason why the same is made, yet the court in its memorandum states that such conclusion is based upon the fact that the plaintiff was guilty of laches. The memorandum is not made a part of the findings of the court, therefore, while we learn from this memorandum what was the reason the court ordered judgment for the defendants, there is nothing in the findings of the court to support any such position.

The action is to remove a cloud from the records of the register of deeds' office upon the lands of plaintiff. The cloud is embraced within the following facts: Mrs. Rogers made two separate deeds conveying the land in question, a part in 1882 and the balance in 1885, to C. G. Crosse. She was at the time a married woman, which fact was known by the grantee. Her husband did not join in either of the deeds. The deeds so made were filed, and while they are absolutely void, yet they create a cloud, being apparently valid on their face. Subsequently Mrs. Rogers became divorced, and while single deeded to the plaintiff, which deed is valid and conveyed the land. The findings conclusively established these facts.

The first question that presents itself is: Were the deeds made by Mrs. Rogers to Crosse of any validity whatever? And second: If not, should that cloud be removed from the records?

It was a part of the common law that a married woman could not sell her real estate, and deeds, or contracts made in relation to the transfer of her real estate, or any interest therein, were absolutely void. The statutes of this state, G. S. 1894, §§ 5530, 5531, were passed for the purpose of modifying the common-law rule in relation to married women. These statutory provisions simply followed New York and other states, which had passed similar statutes. It is well-settled law that the rights of married women not changed by these provisions of the statutes remain the same as they were under the common law, and section 5532 expressly provided that no deed shall be given by a married woman of her separate property except her husband join. Yet this section of the statute is nothing more or less than a repetition of the common law. We find that these statutes, as well as this question as to the validity of such deeds, has been passed upon by our supreme court in the following cases: Gregg v. Owens, 37 Minn. 61; Merrill v. Nelson, 18 Minn. 335 (366); Yager v. Merkle, 26 Minn. 429; Babbit v. Bennett, 68 Minn. 260. The authorities of other states have all without exception, where they have similar statutes, followed the same rule. Lowell v. Daniels, 2 Gray, 161; Melley v. Casey, 99 Mass. 241; Bank of America v. Banks, 101 U. S. 240; Vansandt v. Wier (Ala.) 32 L. R. A. 201; Freeland v. Charnley, 80 Ind. 132; Bethell v. Bethell, 92 Ind. 318; Central v. Laidley, 32 W. Va. 134.

In the authorities hardly without exception the courts hold that in applying the law to the deed of a married woman, where she brings an action to recover her property, equity follows the law. This being true, she is neither estopped nor can it be claimed that she is guilty of laches. To hold that she is guilty of laches is nothing more or less than to hold that she is estopped, which is clearly against the weight of all authorities. The only reason the court gives in its memorandum for denying the plaintiff relief is that the plaintiff and his grantor were guilty of laches.

There is nothing in the findings to show that she had any knowledge of her rights in this matter until about the time she contracted to sell her land to plaintiff.

This is an equitable action in form, but yet it is nothing more or less than to determine the title to this real estate. Although it is equitable in form, yet the court should have determined the question of the title to this land. The distinction between courts of equity and courts of law is abolished in this state, and the same court determines both equitable and legal questions. In this case where the plaintiff has the legal title, which must be conceded, it was the duty of the court to determine this question and so hold, and not put the plaintiff to the trouble of bringing an action at law or in ejectment to establish his title to real estate which is conceded by all he has. It appears unreasonable under the reform procedure that after the plaintiff has brought this action and tried the same, he should be denied relief, and yet be able to go into the same court with an action in ejectment and get the title adjudicated in his favor. Courts should disregard the form of the action and determine the rights of the parties to the land in dispute. Gates v. Paul (Wis.) 94 N. W. 55, and cases quoted.

*William H. Hallam, Olin & Butler,* and *J. G. Redding,* for respondents.

LEWIS, J.

October 21, 1882, Amanda J. Rogers, a married woman, then residing in Wisconsin, owned in fee simple certain real estate situate in Minnesota, and on that day executed and delivered to defendant Crosse a warranty deed to certain of the premises, consisting of one hundred forty acres; and on May 4, 1885, she executed and delivered to Mr. Crosse another warranty deed, purporting to convey one hundred acres. At the time of making such purchase, Mr. Crosse knew Mrs. Rogers was married, that her husband was living, and that he did not join in the deeds. The deeds were recorded in the county where the land was situated. In consideration of the execution and delivery of the conveyances, defendant Crosse paid Mrs. Rogers the fair value of the purchase price of the land at that time, which was $1,200; and after the purchase he paid taxes on the land for all of the years from 1881 to 1899, inclusive, amounting to $420.54, and in 1894 and 1895 reduced a portion of the land to cultivation, and since said time has been in undisputed and exclusive possession thereof by a tenant, cultivating and improving it.

In 1889 Mrs. Rogers moved from Wisconsin to Montana, where she has since resided, and on August 30, 1901, obtained a decree of divorce from her husband, by a competent Montana court, upon the ground of desertion. One of her purposes for securing the divorce was to get power to sell and convey the premises formerly conveyed to Crosse. In September, 1901, and January, 1902, Mrs. Rogers entered into an agreement with plaintiff whereby she agreed to convey to him a part of the land, and deed to him the other part, in consideration of the sum of $3,600, $200 of which was paid by plaintiff, and the remainder was conditioned upon his securing title to the land. Plaintiff at all times had knowledge and notice of the former conveyances to defendant Crosse, and was not a bona fide purchaser. This action was commenced by plaintiff for the purpose of having the deeds from Mrs. Rogers to Crosse, and certain contracts of sale entered into by Crosse with the other defendants, cancelled and annulled, and to have defendants declared to have no title, lien, or interest in the premises. The facts as above stated were found by the trial court, and judgment was entered for defendants.

The assignments of error present one question only, which is, do the findings of fact warrant the conclusion of law? Plaintiff's claim for relief is based entirely upon the fact that the deeds executed by Mrs. Rogers to Mr. Crosse were void, under G. S. 1894, § 5532, for the reason that her husband did not join in the deeds. Conceding that the deeds were void, and admitting, without deciding, that Mrs. Rogers was not otherwise estopped, we are of the opinion that she is not at this late day entitled to the relief she seeks. According to the findings, the plaintiff stands in no better position than Mrs. Rogers, having taken the conveyance with full knowledge of the conveyances and all that had transpired. Upon the circumstances of this case, Mrs. Rogers, or the plaintiff, was required to act with reasonable expedition in seeking the aid of a court of equity to set aside the conditions which she had voluntarily created. Notwithstanding the fact that the deed was void, the courts will not look very kindly upon such a contract as is portrayed in this record. Where a married woman deliberately, but illegally, deeds her property for a just consideration, if she intends to repudiate the transaction, then, under all just rules governing human conduct, she must move with reasonable

expedition. This principle is founded upon public policy, and has its root in the fact that, from a moral consideration, no person shall be permitted to take advantage of his own act voluntarily entered into to the detriment of others.

In this state there are very few of the common-law disabilities remaining as to a married woman, and she has the same property rights in nearly all respects as her husband, and it necessarily follows that she is subject to like restrictions and limitations growing out of her conduct. In proportion as she has been advanced in the power to enjoy property rights, so she must assume the obligations and liabilities connected therewith. If Mrs. Rogers could not secure the signature of her husband to the deed in question, and was able to prevail upon defendant Crosse to deal with her and pay the value of the property, of course she was not bound by her act, and had the right to repudiate the transaction and bring an action for that purpose; but to accept the money, and wait nineteen years, until the land had become valuable through the efforts of the grantee, and then, with the aid of the divorce court, seek to set aside her prior deeds, presents a case which not only lacks merit, but the right to press it has been lost by the lapse of time. Stale claims of this character have never appealed very strongly to this court. Brandes v. Carpenter, 68 Minn. 388, 71 N. W. 402; Hanson v. Swenson, 77 Minn. 70, 79 N. W. 598.

Order affirmed.