## BRIEL *v.* JORDAN.

EJECTMENT; ADVERSE POSSESSION; STATUTE OF LIMITATIONS; DIREC-
TION OF VERDICT BY THE COURT.

1. In an ejectment suit, where the defense is adverse possession for the statutory period, testimony offered by the plaintiff is inadmissible when to the effect that during such period the plaintiff, without knowledge of the defendant, secured a judgment for possession in a justice's court, against the defendant's tenant, who thereupon leased the premises from the plaintiff; but it does not appear that any rent was paid under such lease.

2. Actual, exclusive, continuous, open, and adverse possession of land for the statutory period, by one claiming title, and by those under whom he claims, has the effect of creating in such claimant a good and sufficient title. (Following *Reid* v. *Anderson,* 13 App. D. C. 30.)

3. Where, in an ejectment suit, the defendant meets the plaintiff's prima facie case with a complete defense of adverse possession, which the plaintiff in no way contradicts, the trial court properly directs a verdict for the defendant.

No. 1626.    Submitted February 21, 1906.    Decided March 7, 1906.

HEARING on an appeal by the plaintiff from a judgment of the Supreme Court of the District of Columbia in an action of

ejectment, the judgment having been entered upon a verdict directed by the court.                    *Affirmed.*

The COURT in the opinion stated the case as follows:

Conrad Briel brought this action in ejectment against Alice S. Jordan to recover the possession of lots 10 and 11 in block 144, in the city of Washington.   He died pending the appeal, and his heirs at law, William H. and Englehard Briel, have been substituted as parties.

The plaintiff's evidence tended to show a prima facie case of title.

Defendant, for the purpose of showing color of title, offered in evidence a deed from the corporation of Washington, record-ed July 28, 1862, conveying the said lots to M. A. W. C. Van Ness, and then proved that she was the heir at law of said grantee, who died in 1864.   She then offered evidence tending to show that there was an "old frame shanty" upon the premises, which were partly inclosed by a fence.   That said shanty was there as early as 1864, and occupied by tenants of said Van Ness at the time of her death in that year.   That the mother of de-fendant claimed the property thereafter, and collected rents. That one Nelson Roan occupied the shanty as early, at least, as April 2, 1868, and died therein some years after.   That a book was found among the effects of said Nelson Roan after his death, which was kept in the possession of his daughter, Emma Roan, and produced by her.   This book showed entries of receipts for rent paid by him to defendant's mother, Eliza S. Cragin, who was the sole heir at law of M. A. W. C. Van Ness.   The first of these was dated April 2, 1868, and was for one month's rent, $2.   That defendant had collected the rent from said Roan through an agent for eight or nine years, and afterwards in person.   That a lease offered in evidence, dated March 29, 1887, was made by the defendant to said Nelson Roan.   That Emma Roan, the daughter of Nelson Roan, and a member of his family, had continued to occupy the property since his death, and was then in possession, paying rent, when able, to the de-

fendant. That during part of the aforesaid period some of the taxes upon the property, but not all of them, had been paid by defendant and those under whom she claims.

No evidence was offered contradicting any of this evidence, or to the effect that plaintiff, or those under whom he claimed, had ever paid any taxes upon the property.

Plaintiff, in order to break the continuity of defendant's possession, offered to show that on August 4, 1888, he had begun a proceeding in a justice's court to recover possession of the premises, against Nelson Roan; that personal service was had on the defendant on the same day, returnable August 13, 1888; that on August 14, 1888, plaintiff appeared and demanded judgment; that defendant made default, whereupon judgment was entered against him, awarding possession to plaintiff; that on August 25, 1888, a writ of restitution was issued and returned executed; and that on the same day plaintiff leased the premises to said Nelson Roan. There was no pretense that defendant was a party to this proceeding, or had any knowledge of the same or of the said lease agreement. Nor was there any offer to show that Nelson Roan had ever paid rent to plaintiff. The court excluded the evidence on the objection of the defendant, and the plaintiff excepted.

There being no further evidence, the court directed the jury to return a verdict for the defendant.

*Mr. E. Hilton Jackson* and *Mr. Richard A. Ford* for the appellant.

*Mr. Leo Simmons* for the appellee.

Mr. Chief Justice SHEPARD delivered the opinion of the Court:

The court was clearly right in excluding the plaintiff's evidence. Whether the justice's court had jurisdiction in the matter at all, we need not pause to inquire. The party defendant, Nelson Roan, was not ousted. He had never been the tenant

of the plaintiff, but had been, and continued to be, the tenant of the defendant. At most, the proceeding was nothing more than an unwarranted scheme to obtain an attornment to the plaintiff of the defendant's tenant without her knowledge,— an attornment that was expressly declared to be void by the statute then in force. D. C. Rev. Stat., sec. 683.

The evidence on behalf of the defendant made out a clear case of actual, exclusive, continuous, open, and adverse possession of the premises for more than twenty years, by her and those under whom she claimed, and had the effect to create in her a good and sufficient title. *Holtzman* v. *Douglas,* 168 U. S. 278, 284, 42 L. ed. 466, 468, 18 Sup. Ct. Rep. 65; *Reid* v. *Anderson,* 13 App. D. C. 30, 36.

This evidence having been undisputed, even in part, there was no error in directing the jury to find for the defendant.

The judgment must be affirmed with costs. *Affirmed.*