## FRANCIS W. SWEET v. BEATRICE LOWRY and Others.[1]

August 8, 1913.

Nos. 18,135—(219).[2]

**Pleading.—laches shown by complaint.**

In an action brought by the plaintiff against the devisees of his former guardian, and the heirs and devisees of the guardian's bondsmen, to charge them with liability because of the failure of the guardian to redeem certain property of his ward from a mortgage foreclosure sale, the action being brought 35 years after the foreclosure, and 20 years after the ward became of age, the only excuse given for the delay being that he was not apprised of his ownership of the mortgaged land or his rights under the guardianship until shortly before suit, it is *held* that the complaint affirmatively shows laches and that a demurrer was properly sustained.

[1] Reported in 142 N. W. 882.          [2] April, 1913, term calendar.

Action in the district court for Hennepin county to recover ownership and possession of one-half of certain real estate or one-half of its value on May 7, 1912. From an order, Jelley, J., sustaining defendant's demurrer to the complaint, plaintiff appealed. Affirmed.

*Henry E. Barnes* and *Frank W. Booth,* for appellant.
*Koon, Whelan & Hempstead,* for respondents.

DIBELL, C.

This is an appeal by the plaintiff from an order of the district court of Hennepin county sustaining the demurrers of certain of the defendants to the complaint.

On September 29, 1875, Thomas Lowry was appointed guardian of the plaintiff and his brother. About November 1, 1875, Lowry received $1,966.66 as guardian of his two wards.

On January 18, 1874, Francis P. Sweet, the father of the plaintiff, died intestate leaving a widow and the plaintiff and his brother as his sole surviving heirs. At the time of his death he was the owner of certain land in Hennepin county, occupied as a homestead, subject to a mortgage.

On April 3, 1877, this property was sold on mortgage foreclosure sale, Lowry being the attorney of the mortgagee, for $515. At the time of the foreclosure and during the period of redemption, the value of the property was in excess of twice the amount necessary to redeem from the sale, and during such period Lowry had in his possession, as guardian, moneys sufficient to redeem. No redemption was made. The plaintiff's mother had a life estate in the property.

No settlement of the guardianship matter was ever had in probate court.

On February 4, 1909, Lowry died. His estate was probated in Hennepin county, and his executors were discharged prior to February, 1912.

The defendants, Beatrice Lowry, Horace Lowry and Mary Schwyzer are devisees of Lowry and received large amounts of money from the estate.

William W. Herrick and E. W. Herrick were bondsmen for Lowry

in the guardianship proceeding. They died prior to February, 1912. The estate of William W. Herrick was probated, and the executors discharged, and the defendants Garafilia Herrick and Izzie L. Herrick are his sole devisees, and have received property from his estate. The defendant Roy D. Herrick, who is the only one of the Herricks who demurs, is the administrator and sole heir of E. W. Herrick, and there is money in the estate.

This action is, in substance, to compel the defendants to account for the present value of the foreclosed property. The theory of it is that, since the estate of Lowry has been closed and the executors have been discharged, his devisees who have received property from his estate can be required to make the accounting which he should have made; and that, since a default cannot be established in the probate court, the heirs and devisees of the bondsmen may be brought into this action and their liability determined. The cause of action, if any, is in equity.

The demurrers are upon the ground of want of jurisdiction, defect of parties plaintiff, defect of parties defendant, and that the facts stated are insufficient.

We are not in accord upon the question whether the district court has jurisdiction. We leave this and the other grounds of demurrer specified and pass to the question of the sufficiency of the facts stated.

The particular claim is that the plaintiff, conceding that he once had a cause of action, has lost it through laches.

The plaintiff was born in 1871. In 1892 he became of age. In 1912, 20 years later, he commenced this action. The acts which he claims give him a cause of action occurred 35 years before.

The complaint alleges that the "plaintiff never discovered, knew or was in any way put on inquiry as to his rights under the said guardianship or knew or had any intimation, indication or ground of inquiring as to his part ownership with his brother of the said real estate and the said moneys until the month of February, 1912." It is clear that the plaintiff knew of the guardianship when he became of age. It is not shown that any inquiry or investigation was made as to the execution of the trust, nor is an excuse offered for not making inquiry, nor is it shown that such inquiry would have been result-

less. For twenty years no investigation was had and until now no complaint has been made of an undischarged trust resting in Lowry.

In Wetzel v. Railway Co. 65 Fed. 23, 12 C. C. A. 490, affirmed in 169 U. S. 237, 18 Sup. Ct. 307, 42 L. ed. 730, the court said:

"The plea of laches does not always depend for its support upon mere lapse of time, but upon the manifest inequity of permitting the claim to be enforced, in view of some change in the condition of the property or in the relations of the parties to the controversy. It is also a well-established rule that when a suitor applies to a court of chancery for relief, for any considerable length of time after the wrong complained of was committed, it is incumbent on him to show, both by averment and proof, some sufficient excuse to justify the delay."

In Schmitt v. Hager, 88 Minn. 413, 415, 93 N. W. 110, the court said:

"But the defense of laches is not, like the statute of limitations, exclusively a matter of time, for it is purely an equitable defense, based upon grounds of public policy, which require, for the peace of society, the discouragement of stale demands, and is addressed to the sound judicial discretion of the court, under the facts of each particular case."

It is a circumstance of importance, in determining whether a plaintiff has been guilty of laches, that the situation of the parties has changed, or that material witnesses have died, or that because of lapse of time evidence has otherwise been lost, so that the ascertainment of the essential facts is made difficult, and the exact facts upon which the rights of the parties depend must necessarily be in doubt. Mackall v. Casilear, 137 U. S. 556, 11 Sup. Ct. 178, 34 L. ed. 776; Hammond v. Hopkins, 143 U. S. 224, 12 Sup. Ct. 418, 36 L. ed. 134; Ripple v. Kuehne, 100 Md. 672, 60 Atl. 464; Badger v. Badger, 2 Wall. 87, 17 L. ed. 836.

The following Minnesota cases are pertinent upon the question of laches: Brandes v. Carpenter, 68 Minn. 388, 71 N. W. 402; Hanson v. Swenson, 77 Minn. 70, 79 N. W. 598; Marcotte v. Hartman, 46 Minn. 202, 48 N. W. 767; Sanborn v. Eads, 38 Minn. 211, 36 N. W. 338.

We hold that the complaint shows laches barring a recovery. Whether there is laches must usually be determined as a question of fact upon a consideration of the evidence. It is possible that the complaint may be so amended as to evade a demurrer. It is inconceivable, however, that a state of facts can be shown which will relieve the plaintiff of a charge of laches, when he delayed for 20 years after attaining his majority, and now asks the court to make a finding as to transactions 35 years old, and the witness who could give the most important evidence upon the issue, and whose acts are drawn in question, is dead.

We decide the demurrers upon the narrow ground that under the allegations of the complaint laches is shown. Whether there is a showing that Lowry, in failing to redeem the property, rendered himself liable is a question of some doubt. We may say in passing that there is nothing in the situation which gives the plaintiff, if in fact he has a cause of action, the right to recover the present value of the foreclosed property or an amount based upon its present value.

Order affirmed.