# McMILLAN v. FULLER.

EJECTMENT; ADVERSE POSSESSION; EVIDENCE; LIMITATION; PLEADING; AMENDMENT.

1. The payment of taxes by one whose record title to land is complete is not essential to his recovery of possession in ejectment from one who claims adversely; .and it is not error to exclude evidence offered by him to show such payment, where his record title is admitted by the defendant.

2. The D. C. Code *seems* not to have worked the abrogation of the general rule under earlier statutes of the District, that it is unnecessary to plead limitation in ejectment, where the general issue is pleaded. (Citing *Morris* v. *Wheat*, 1 App. D. C. 237.)

3. In view of D. C. Code sec. 399 (31 Stat. at L. 1252, chap. 854), permitting an amendment at any stage of the case, it is not error to permit the defendant in ejectment who has plead the general issue, to amend by setting up limitation after he has closed his evidence, and the plaintiff has moved for a directed verdict, where no additional evidence is introduced, and plaintiff is not taken by surprise.

4. Adverse possession of land for fifteen years confers title, under sec. 1265, D. C. Code (31 Stat. at L. 1389, chap. 854); and sec. 111, of the Code (31 Stat. at L. 1207, chap. 854), limiting the entire period during which a suit in equity based upon adverse possession, to remove the cloud on title created by the record title, to twenty-two years, has no application in an action of ejectment based upon adverse possession.

5. A purchaser's possession of a lot which he had surveyed and upon which he built a house, which he occupied for more than fifteen years, in ignorance of the fact that the deed, which was received by his attorney, conveyed an adjacent lot, is adverse within the meaning of D. C. Code sec. 1265, relating to title by adverse possession. (Citing *Johnson* v. *Thomas*, 23 App. D. C. 141, and *Rudolph* v. *Peters*, 35 App. D. C. 438, Ann. Cas. 1912A, 446.)

6. The rights of the grantee in a deed, respecting the lot thereby conveyed, are immaterial, in an action in ejectment to recover possession of an adjoining lot, which he has occupied under the supposition that it was the lot conveyed.

No. 2582.   Submitted December 9, 1913.   Decided January 5, 1914.

HEARING on an appeal by the plaintiff from a judgment of the Supreme Court of the District of Columbia, on verdict, in an action of ejectment.                    *Affirmed.*

The COURT in the opinion stated the facts as follows:

This is an appeal from a judgment in an action of ejectment to recover possession of lot 21 in George Truesdell's addition to Washington Heights, brought by plaintiff, Samuel H. McMillan, against defendant, Thomas J. D. Fuller, April 12, 1912.

It was stipulated on the trial that on and prior to May 28, 1891, George Truesdell was seized and possessed in fee of the lot in controversy; and that by regular chain of conveyances under him (the last dated February 4, 1910) plaintiff was vested with said title. It was further stipulated that no one of the grantees claiming title under Truesdell had ever been in actual physical possession of the land, or any part thereof. Plaintiff testified that he purchased the lot in February, 1910, and about a year thereafter discovered that there was a building on the same. When he purchased he went to look at the ground, and saw defendant's house, but did not then know it was on the lot he had purchased. He contemplated building an apartment house. Before buying a lot he tries to ascertain all the surroundings. Considered that defendant's house would not be an injury to his contemplated building. Defendant introduced evidence tending to show that he took possession of the lot and commenced building his house thereon in October, 1892. House completed in July, 1893, and occupied continuously since as a home for his family. Defendant testified that he examined the premises in 1892, and wanted it as a site for his home. There were no houses on the block. Street was paved a short distance from Kalorama avenue, North; block was terraced and the outlook attractive. Decided on taking this particular space with the improvements in front, which then consisted of a paved asphalt street, sidewalk, and parking. Pavement terminated farther along, where began a dirt road to Woodley lane. Selected this particular site because of the improvements and general

advantages. Afterwards directed his attorney (Luckett, now deceased) to procure the deed and have survey made. The surveyor made the survey, and set the stakes on the lot selected. Defendant built his house thereon, about 44 feet square, with basement, for which excavation was made. House cost $10,000. The entire lot was inclosed with fences, hedges, and terraces, and the inclosure outside of the house planted with trees and shrubs, and used for domestic purposes. Selected this lot by its physical situation, and not by any lot number; had nothing to do with the negotiations for purchase or perfection of deed. Did not know when he entered into possession that he had a deed to lot adjoining. Always thought that he had bought this particular piece of property. Did not know that he had a deed to the adjoining lot until this suit had been commenced. Never knew that he was taking possession of lot not conveyed; thought he was entering upon his own property. Had paid taxes since taking possession. Asked for tax bill each year, and tax bills have been rendered "as lot so and so with the number of improvements, and I have always assumed that it was this lot." Did not have a plat when he selected the lot; selected it from personal inspection, in the exact place, with reference to the street improvements.

In 1910 or 1911 he had complained to the health officer of the rank growth of weeds upon the adjoining lot, and was notified that it was his own duty to remove the weeds, as the lot was his property. Had never admitted the right of anyone else to the property occupied. Entered into possession, intending to make it his permanent home. Had never abandoned his claim to be the owner of it. He did not remember whether he had a deed. Had not attended to the details of the transaction. Did not know, when he entered into possession, that he had acquired by purchase and had a deed to the lot adjoining; always thought he had bought this particular piece of property. Since suit brought knows he has no deed to the same; did not think that he was entering upon the property of another, or taking in hostility to another's irght. Claimed it as his property, but not knowingly

in hostility to another. Asked if he now claimed title to both lots, he was not allowed to answer on objection of his own counsel. Exception by plaintiff.

Plaintiff's offer to prove payment of taxes on the lot in controversy—No. 21—from time of his conveyance was denied on defendant's objection. Exception taken.

At the close of defendant's evidence plaintiff's motion for a directed verdict was denied, with exception noted. Defendant asked leave to amend and present a plea of the statute of limitations. Amendment allowed, and plaintiff excepted. His demurrer to the plea was overruled, and exception again taken.

Plaintiff asked the following special instruction, which was denied:

"The jury are instructed that if they find from the evidence that the defendant, having become the purchaser of lot No. 20 adjoining the lot mentioned in the declaration, entered upon the lot mentioned in the declaration through inadvertence and in the belief that he was entering upon his own land, and not upon the land of another, and that the defendant remained in ignorance of his mistaken entry and possession until shortly before this suit was brought, paying no taxes upon the lot mentioned in the declaration, his possession was not adverse, and the plaintiff is entitled to a verdict."

The following instruction asked by plaintiff was given:

"The jury are instructed that in order to maintain the defense of adverse possession, the defendant must prove, by a preponderance of the evidence, that his possession was actual, open, notorious, continuous, and hostile to all ownership of title except his own, and that in determining whether or not the defendant's possession was hostile to such title, they shall take into consideration the declarations, statements, and conduct of the defendant whilst he was in possession of the property."

The following special instruction given at defendant's request was excepted to:

"If the jury believe from the evidence that the defendant has been in the actual, open, visible, notorious, hostile, and exclusive

possession of the real estate described in the declaration in this case, under claim of ownership thereof by him, and that such described possession by him, under such claim of ownership has been continuous and uninterrupted for the full period of fifteen years before the filing of this suit, then their verdict must be for the defendant."

The general charge was not excepted to save as to a formal matter, which the court corrected.

Verdict was returned for the defendant, and judgment followed.

*Mr. Eugene A. Jones* and *Mr. Morris Wampler,* for the appellant:

1. The payment of taxes is a fact proper to be considered. *Whitaker* v. *Erie, etc. Club,* 102 Mich. 454; *Wilkinson* v. *Bates,* 59 Kan. 224; *Sauers* v. *Giddings,* 90 Mich. 50. And the failure of one in possession of land to pay taxes upon it is certainly admissible as showing the character of the possession, and as rebutting the defendant's claim of hostile ownership.

2. Possession of land under mistake does not amount to adverse possessions. *Davis* v. *Owen,* — Va. —, 58 S. E. 581; *Davis* v. *Caldwell,* 107 Ala. 526; *Dow* v. *McKenney,* 64 Me. 138; *St. Louis Univ.* v. *McCune,* 28 Mo. 481; *Auyler* v. *Bush,* — Ky. —, 84 S. W. 579; *Brownlee* v. *Williams,* 32 Colo. 502; *Schaubach* v. *Dillemuth,* 108 Va. 86; *Henderson* v. *Lumber Co.* (24) 128 S. W. 671; *Jones* v. *Weaver* (24) 122 S. W. 619; *Raecker* v. *Höperla,* 138 Mo. 33; *Skinner* v. *Crawford,* 54 Iowa, 119; *Howard* v. *Reedy,* 29 Ga. 152; *Farish* v. *Coon,* 40 Cal. 33; *Srube* v. *Wells,* 34 Iowa, 148; *Newton* v. *Louisville, etc. R. Co.* 110 Ala. 474.

*Mr. William G. Johnson,* for the appellee:

1. The doctrine that title is vested by possession for the statutory period is based not upon the form or words of a particular statute, but upon the mere fact of possession for the statutory

period.  *Campbell* v. *Holt,* 115 U. S. 620; *Bicknell* v. *Comstock,* 113 U. S. 149; *Leffingwell* v. *Warren,* 2 Bl. 599; *Hogan* v. *Kurtz,* 94 U. S. 773.

Under the general issue, in ejectment, the duration of the possession by the defendant may be shown, as well as the fact of possession; and if that duration be for the period fixed by the statute of limitations, it defeats the plaintiff's action without any plea of the statute being interposed.

The interposition of other pleas than the general issue, in ejectment, has been repeatedly discountenanced by this court. *Barbour* v. *Moore,* 4 App. D. C. 535, 541; *Crandall* v. *Lynch,* 20 App. D. C. 73, 76.

2. The limitation of fifteen years prescribed by sec. 1265 of the Code was properly applied to this case.   *Terry* v. *Anderson,* 95 U. S. 628; *Soper* v. *Lawrence Brothers,* 201 U. S. 359; *Kentucky Union Co.* v. *Kentucky,* 219 U. S. 140; *Blinn* v. *Nelson,* 222 U. S. 1; *Gwinn* v. *Brown,* 21 App. D. C. 295; *Columbian University* v. *Taylor,* 25 App. D. C. 124.

3. The alleged mistake does not in law militate against defendant's adverse possession.  *Johnson* v. *Thomas,* 23 App. D. C. 141; *Rudolph* v. *Peters,* 35 App. D. C. 438; *Brown* v. *Leete,* 6 Sawy. 332, 2 Fed. 440; *Neale* v. *Lee,* 8 Mackey, 5.

Mr. Chief Justice SHEPARD delivered the opinion of the Court:

1. There was no error in excluding evidence offered by plaintiff to show that he had paid the taxes on lot 21 from the time of his acquisition of title.   It was admitted that his claim of title was complete.   Unless defeated by defendant's adverse possession, he was entitled thereby to recover possession.   The payment of taxes was not necessary to his recovery; and he sustained no injury by the exclusion of the proof.

2. The second error is assigned on the permission given defendant to amend and plead limitation.

It had been the settled rule in this District, under former statutes of limitations, that it was unnecessary to plead limi-

tation where the general issue had been pleaded in actions of ejectment. *Hogan* v. *Kurtz,* 94 U. S. 773, 776, 24 L. ed. 317, 319; *Morris* v. *Wheat,* 1 App. D. C. 237, 239. Defendant, relying upon this rule, had pleaded the general issue, and introduced evidence thereunder. When his title by adverse possession had been assailed, he, apparently in the exercise of abundant caution, obtained leave to amend by setting up limitation specially. It is not apparent that there has been any change in the Code necessitating a change in the rule of practice; but whether so or not, we need not pause to consider. The Code, in the interest of justice, permits an amendment at any stage of the case. Sec. 399 [31 Stat. at L. 1252, chap. 854]. Plaintiff was not taken by surprise; no additional evidence was introduced; plaintiff sustained no possible legal injury. There was no error.

3. There was no error in refusing plaintiff's first special instruction, or in granting that of defendant. The statute of limitations now in force requires an action for the recovery of land to be brought within fifteen years after the adverse possession began. Code sec. 1265 [31 Stat. at L. 1389, chap. 854]. Adverse possession, as defined in the instruction, maintained for fifteen years before action begun, confers title.

Defendant selected his lot, had it surveyed, presumably by the District surveyor, who under the building regulations is authorized to locate the lines for those intending to build, enclosed it, and erected a substantial house within those lines. For more than fifteen years he occupied the house in complete ignorance that the deed received by his attorney actually conveyed the adjoining lot. The mistake seems to have been in the preparation of his deed, and not in the occupation of the lot. We are of the opinion that the possession was adverse within the meaning of the statute. *Johnson* v. *Thomas,* 23 App. D. C. 141, 150. In that case it was said: "Certainly it is well-established law that if a man goes upon the land of another, whether he does so by honest mistake, upon the supposition that it is his own, or with the deliberate purpose of appropriating to himself that which is the property of another, and occupies it exclusively and adversely to all the world for a period of twenty

[now fifteen] years or upwards, he may by such adverse occupation acquire a complete title in himself. This is elementary doctrine in the law of adverse possession; and most assuredly greater consideration is due to a title by adverse possession based upon an honest mistake than to one based upon deliberate and wilful wrong." See also *Rudolph* v. *Peters,* 35 App. D. C. 438, 447, Ann. Cas. 1912A, 446.

Sec. 111 of the Code [31 Stat. at L. 1207, chap. 854], relied on by plaintiff, has no application in this case.* Nor is it material whether defendant may hereafter, as suggested by plaintiff, assert and maintain title to the adjoining lot under the deed conveying the same to him. That question is not involved.

The judgment is affirmed with costs.          *Affirmed.*

2. There being nothing in the record to indicate that error has been committed, this court will not, on appeal, disturb a decree vacating a deed to the grantor's niece, who is alleged to have solicited its

---

*Note.—Sec. 111, D. C. Code, permits one who has acquired title to land by adverse possession to maintain a suit in equity to establish such title as against the holders of the record title, and limits the entire period during which the rights of the holders of the record title, even where some of them are infants, shall be preserved, to twenty-two years from the time when the rights of the adverse holder accrued.—REPORTER.