ELLA BOLING v. GEORGE F. DICKINSON AND OTHERS.[1]

July 16, 1926.

No. 25,353.

**Complaint on its face shows laches barring relief in action to impress lands with a trust.**

The complaint in an action by one claiming to be the beneficiary under a will and seeking to impress with a trust property alleged to have been purchased by the executor in his own name with funds of the estate more than 50 years before suit brought, the executor having died 10 years before suit, and the plaintiff being in position to bring suit at least 24 years before, *held* to show laches barring relief.

Equity, 21 C. J. p. 234 n. 97.
Trusts, 39 Cyc. p. 601 n. 27; p. 602 n. 33.

Plaintiff appealed from an order, Johnson, J., sustaining a demurrer to the complaint in an action in the district court for Goodhue county. Affirmed.

*Charles P. Hall* and *P. E. Sargent*, for appellant.
*A. J. Rockne* and *D. C. Sheldon*, for respondents.

DIBELL, J.

Ora Gould died in Goodhue county in 1870. His will, dated in 1869, reciting that he was a resident of Jefferson county, Wisconsin, was proved there on January 9, 1871. Charles H. Leavitt was appointed his executor. The claim of the plaintiff is that the executor in 1871 *invested money of the estate in lands* in Goodhue county in his own name. The object of the action is to impress such lands with a trust in favor of the beneficiaries in the will, of which the plaintiff claims to be one. The defendant Nettie Dickinson is the widow of George F. Dickinson, who purchased in 1918 through mesne conveyances from Leavitt, the last one a trust deed authorizing a conveyance in fee. It is alleged that he had notice that Leavitt purchased with the money of the estate. Mrs. Dick-

---

[1]Reported in 209 N. W. 875.

inson demurred to the complaint. The demurrer was sustained and the plaintiff appeals.

All claims presented against the estate were disallowed in 1871. There have been no further proceedings in the probate of the estate. The validity of the will was established, claims against the estate were rejected, and that is all. The executor has not been called to account. The will has not been construed by a decree of the probate court determining the beneficiaries. The probate court has not determined that the plaintiff, a granddaughter of the decedent, is a beneficiary.

Under the allegations of the complaint the will gave a daughter of Gould a life estate, but in the event of her marriage all the estate was to pass to certain beneficiaries, among them the plaintiff; and, in the event that the daughter did not marry, the estate, upon the termination of her life estate, was to vest in certain beneficiaries, one of whom was the plaintiff. It is alleged that the daughter did not marry and died on November 28, 1900. There has been no determination of the probate court, charged with jurisdiction to find such fact, of the death of the daughter, or that the plaintiff is entitled to a part of the estate; nor was there ever any decree in the probate court determining who the present beneficiaries are, or who might become beneficiaries upon the happening of the contingencies stated in the will.

If the complaint is true, the plaintiff as early as November 28, 1900, had a certain vested interest in the estate and was in position to call the executor to account in the probate court. It is probable that at a seasonable time before that she could have had a construction of the will by the probate court and her interest, though then uncertain as to enjoyment, determined. She could in some court and in some form of action have impressed the property with a trust, and as early as 1900, and probably long before, protected herself against wrongdoing of the executor.

The executor died on December 13, 1914. The action was brought, as near as we can get it from the record, in 1924. No reason is suggested why it was not brought sooner. No excuse is offered. We

say nothing about the statute of limitations. The plaintiff is invoking the aid of a court of equity to impress property with a trust arising through the improper diversion of the funds of the estate 53 years before suit brought, 24 years, if her claim be right, after she became vested with a definite interest in the property, and 10 years after the death of Leavitt, the executor. If the action had been brought in his lifetime he could have given evidence, probably unfavorable to the plaintiff, of what happened in 1871, 55 years ago, relative to the estate. Dickinson, who purchased in 1918, is dead. He is charged with knowledge of the circumstances under which Leavitt took title. If he were alive he could give testimony which presumably would not be favorable to the plaintiff. That those who would have been material witnesses have died, and that the determination of essential facts has become difficult, are important in determining whether there is such laches that relief should be denied. Sweet v. Lowry, 123 Minn. 13, 142 N. W. 882, 47 L. R. A. (N. S.) 451, and cases cited. Presenting no excuse for this delay, no excuse for not engaging in the litigation when there were those living who must have had some intimate knowledge of the transaction, there is a perfect case of laches which justifies a court of equity in refusing to enter into an investigation of the facts claimed. Brandes v. Carpenter, 68 Minn. 388, 71 N. W. 402; Hanson v. Swenson, 77 Minn. 70, 79 N. W. 598; Dickman v. Dryden, 90 Minn. 244, 95 N. W. 1120; Sweet v. Lowry, 123 Minn. 13, 142 N. W. 882, 47 L. R. A. (N. S.) 451; Sweet v. Lowry, 131 Minn. 109, 154 N. W. 793; Brockman v. Brockman, 133 Minn. 148, 157 N. W. 1086; In re Estate of Barlow v. Barlow, 152 Minn. 249, 188 N. W. 282.

The demurrer was properly sustained upon the ground of laches. We do not stop to discuss other features of the case nor do we minimize them. If there is an escape from the application of the doctrine of laches counsel may care to consider whether, preliminary to relief in a court of equity, there must not be a consideration in a probate court of the acts of the executor, and a construction of the will determining the beneficiaries and their rights; in other words, whether they are not in this action asking the district court to call the

executor to account, and to construe the will, thus exercising in the first instance the functions of a probate court. We express no opinion. See Jacobs v. Fouse, 23 Minn. 51; Betcher v. Betcher, 83 Minn. 215, 86 N. W. 1; Pierce v. Maetzold, 126 Minn. 445, 148 N. W. 302; Fischer v. Hintz, 145 Minn. 161, 176 N. W. 177; Wilson v. Erickson, 147 Minn. 260, 180 N. W. 93.

Order affirmed.