## HENRY H. ZIMMERMAN v. AMERICAN SURETY COMPANY OF NEW YORK.[1]

November 1, 1929.

No. 27,530.

*Crassweller & Crassweller,* for appellant.

*G. V. Barron,* for respondent.

[1] Reported in 227 N. W. 355.

Taylor, C.

Johannah Zimmerman died in 1895. In 1904 the probate court of Carlton county appointed Henry H. Zimmerman, the present plaintiff, as administrator of her estate. In March, 1908, the probate court removed him and appointed F. V. Inskeep as administrator de bonis non. At the same time the court made an order limiting the time to settle the estate. The estate consisted of a quarter section of land in Carlton county. There was no other property. Inskeep sold the land for the sum of $1,500 under a license from the probate court and reported the sale to the court. The court confirmed the sale, and on March 23, 1909, Inskeep conveyed the land to the purchaser. He never filed his account as administrator. He removed from Carlton county to the city of Minneapolis in 1910 and resided there for eight or nine years. He then removed to the state of Montana, where he died in July, 1922. F. A. Watkins, the judge of probate at the time of the sale, continued in office until his death in 1926. After the sale of the land in 1909 nothing further was done in the matter of the estate by anyone until 1928. In May, 1928, plaintiff, on his own petition, was appointed administrator of the estate de bonis non, and brought this action against the surety on the sale bond given by Inskeep in 1909 to recover the sum of $1,500, which Inskeep had received for the land.

At the trial it was shown by records in the office of the register of deeds and in the office of the county auditor that Inskeep had paid encumbrances on the land amounting to the sum of $720.41. There are no records in the probate court showing these payments, and so far as appears there are no records anywhere showing what became of the remainder of the fund and no witnesses now living who know what became of it. Inskeep may have converted it to his own use, but if he did the conversion was many years ago. The court rendered judgment against defendant for the amount received for the land less the encumbrances thereon paid by Inskeep. Defendant appealed.

Defendant contends that the action is barred by the laches of all parties having any interest in the estate. Plaintiff urges that the heirs or distributees could not bring an action until the court had settled the estate and assigned the property or its proceeds. Plaintiff is doubtless correct in this contention; but the time limited by law for settling the estate expired in 1909, and at any time thereafter any person interested therein could have instituted proceedings to compel the administrator to file his final account and close the estate. More than 18 years elapsed before any proceedings of any sort were begun. The administrator whose doings are in question is dead; the only creditor whose claim was allowed by the probate court is dead; and the judge before whom the proceedings were pending for many years is also dead. No evidence as to the matters in question other than the records previously mentioned is now available.

The long and unnecessary delay, the death of the party claimed to be in default, and the lack of evidence to show his doings, bring the case within the doctrine of laches as applied by this and other courts. Brandes v. Carpenter, 68 Minn. 388, 71 N. W. 402; Hanson v. Swenson, 77 Minn. 70, 79 N. W. 598; Sweet v. Lowry, 123 Minn. 13, 142 N. W. 882, 47 L.R.A.(N.S.) 451; Boling v. Dickinson, 168 Minn. 242, 209 N. W. 875; Hammond v. Hopkins, 143 U. S. 224, 12 S. Ct. 418, 36 L. ed. 134; Sweeney v. Sweeney, 210 Ala. 593, 98 So. 883; Segers v. Ayers, 95 Ark. 178, 128 S. W. 1045; Clark v. Chase, 101 Me. 270, 64 A. 493; 10 R. C. L. 395; also numerous cases cited in 21 C. J. 234.

As we reach the conclusion that the action is barred by laches, it is not necessary to consider the other questions.

Judgment reversed.