## JACKSON v. YOUNG.

### No. 7702.

United States Court of Appeals for the District of Columbia.

Decided June 2, 1941.

Otho D. Branson, of Washington, D. C., for appellant.

George C. Gertman, of Washington, D. C., for appellee.

Before MILLER, VINSON and RUTLEDGE, Associate Justices.

MILLER, Associate Justice.

Appellant sued in the District Court to establish his right as tenant in common to

---

a half interest in real property. The property in question belonged to George F. Jackson, who died intestate June 12, 1917. James Jackson, a brother of George, died in 1908, leaving a daughter, Mabel Young, appellee herein. Upon the death of George F. Jackson the title to the property in question passed, according to the Probate Court records, to Mabel Young, who entered into possession thereof, claiming it as sole owner and sole heir of George F. Jackson. She has occupied it continuously up to the present time, over twenty years. During her occupancy she paid all taxes and assessments levied against the property; mortgaged it, and used the proceeds in remodeling and improving it. Until the present suit was filed in 1939, no claim was ever asserted by appellant to the property, or to any interest therein.

■ Appellant claims to be a son of James Jackson and a brother of Mabel Young. His entire case rests upon that claim. The District Court found against him, however, and we have discovered no reason to disturb its findings; especially in view of the fact that appellant waited until after the death of the material witnesses to assert his claim.[1]

■ Moreover, apart from the main question of the case, appellant's claim is barred both by his own laches,[2] and by appellee's continuous adverse possession of the property for more than fifteen years[3] under claim of title[4] and without knowledge or reason to know of appellant's claim, first asserted in 1939.[5]

Affirmed.

---

[1] Sweet v. Lowry, 123 Minn. 13, 16, 142 N.W. 882, 883, 47 L.R.A.,N.S., 451: "It is a circumstance of importance, in determining whether a plaintiff has been guilty of laches, that the situation of the parties has changed, or *that material witnesses have died*, or that because of lapse of time evidence has otherwise been lost, so that the ascertainment of the essential facts is made difficult, and the exact facts upon which the rights of the parties depend must necessarily be in doubt. Mackall v. Casilear, 137 U.S. 556, 11 S. Ct. 178, 34 L.Ed. 776; Hammond v. Hopkins, 143 U.S. 224, 12 S.Ct. 418, 36 L.Ed. 134; Ripple v. Kuehne, 100 Md. 672, 60 A. 464; Badger v. Badger, 2 Wall. 87, 17 L.Ed. 836." [Italics supplied]

[2] Hammond v. Hopkins, 143 U.S. 224, 250, 12 S.Ct. 418, 36 L.Ed. 134; Anglo-Colombian Development Co., Ltd. v. Stapleton, 57 App.D.C. 209, 211, 212, 19 F.2d 683, 685, 686; Sweet v. Lowry, 123 Minn. 13, 142 N.W. 882, 47 L.R.A., N.S., 451.

[3] D.C.Code (1929) tit. 24, § 341; McMillan v. Fuller, 41 App.D.C. 384, 390. Cf. Parker v. Sinclair, 61 App.D.C. 219, 222, 59 F.2d 1033, 1036, certiorari denied, 287 U.S. 644, 53 S.Ct. 90, 77 L.Ed. 557; Faulks v. Schrider, 72 App.D.C. 308, 313–314, 114 F.2d 587, 592.

[4] Sharon v. Tucker, 144 U.S. 533, 541, 12 S.Ct. 720, 36 L.Ed. 532; Holtzman v. Douglas, 168 U.S. 278, 283, 284, 18 S.Ct. 65, 42 L.Ed. 466. Cf. Bradshaw v. Stott, 4 App.D.C. 527, 533, 534; Briel v. Jordan, 27 App.D.C. 202; Henderson v. Mann, 47 App.D.C. 174; Marion Inv. Co. v. Virginia Lincoln Furniture Corp., 171 Va. 170, 182, 198 S.E. 508, 513, 118 A.L.R. 939. Cf. also, Guaranty Title & Trust Corp. v. United States, 264 U.S. 200, 204, 205, 44 S. Ct. 252, 68 L.Ed. 636; Ebbinghaus v. Killian, 1 Mackey (12 D.C.) 247, 257, reversed on other grounds, 110 U.S. 568, 4 S.Ct. 232, 28 L.Ed. 246.

[5] Wilson v. Storthz, 117 Ark. 418, 427, 428, 175 S.W. 45, 48. Cf. McMillan v. Fuller, 41 App.D.C. 384, 390, 391; Sowers v. Keedy, 135 Md. 448, 451, 452, 109 A. 143, 144. Cf. also, De Leon v. McMurray, 5 Tex.Civ.App. 280, 284, 23 S.W. 1038, 1040; Singer v. Naron, 99 Ark. 446, 451, 138 S.W. 958, 960.