38 433
39 38
38 433
42 526
38 433
46 204

---

## R. E. JEWELL *vs.* HENRY TRUHN.

### May 22, 1888.

**Taxes — Sale— Notice of Expiration of Redemption—Auditor's Certificate.**—The county auditor's certificate that the time for redemption of land sold for taxes has expired, is insufficient, by itself, to prove that the notice required by Gen. St. 1878, c. 11, § 121, has been duly given by the holder of the certificate.

**Bona Fide Occupant—Improvements—Plaintiff's Want of Notice.**— Under Gen. St. 1878, c. 75, §§ 15–18, the *bona fide* occupant, under color of title in fee, is entitled to an election to be paid the value of his improvements as a condition of the recovery of the possession by a successful claimant, unless the latter make it appear that he had no notice, actual or constructive, of the possession of the former in time to disclose or assert his claim before the improvements in question were made.

v.38M—28

Same—Burden of Proof on Plaintiff.—The burden rests on the claimant, in the first instance, to bring himself within the exception, in order to entitle himself to an election to sell the land, instead of reimbursing the occupant for his improvements.

Same—Constructive Notice to Plaintiff.—A general finding that the occupant entered, and made improvements of a specified value, is insufficient, by itself, to charge the claimant with constructive notice, within the intent and meaning of the act in question.

Same.—The doctrine of constructive notice, as applied to this class of cases, considered.

Ejectment for lands in Otter Tail county, the defendant alleging title in himself under a tax judgment and sale, and the value of the improvements made by him as a *bona fide* occupant, entering under color of title in fee, and in good faith, etc.   The action was tried before *Baxter*, J., certain questions as to the amount of taxes paid by defendant, the value of his improvements, and the value of the land without them, being submitted to and answered by a jury.   The court found that plaintiff was owner in fee; that defendant entered peacefully under color of title in fee and in good faith under the deed from Schmitz, mentioned in the opinion, having paid a valuable consideration; that the deed was regular on its face, and prior to the commencement of this action the defendant had no actual notice of any defect invalidating it; that Schmitz had no title, and his deed was wholly inoperative to convey any title.   After stating the amount of taxes paid and the value of the improvements made by defendant on the land after his entry and before this action was brought, the court further found that the plaintiff, prior to the commencement of this action, never had any notice, actual or constructive, of the fact of defendant's possession of the land; that the defendant did not enter under an official deed, and his only claim to possession was under the deed from Schmitz; that Schmitz claimed title under a state assignment certificate issued to him by the county auditor, dated December 16, 1879, and recorded March 10, 1881; that no notice of the expiration of the time for redemption as provided by law was ever made or given, and that Schmitz never went into possession.   The court also found that within thirty days after the rendition of the ver-

dict of the jury in this action, the plaintiff demanded of defendant "that he pay into court the value of the land without the improvements at the time of the commencement of the action, less the sum of money paid by the defendant thereon with interest as provided by law." As conclusions of law the court found the plaintiff to be owner in fee and entitled to possession "unless the defendant shall, within one year from the 16th day of June, 1887, pay into court the value of said land as found by the jury, less the taxes paid thereon as found by the jury in their verdict," and that, on his failure so to do, the plaintiff should have judgment, adjudging her to be the owner of the land. Judgment was entered accordingly, and the defendant appealed.

*J. W. Mason* and *R. H. Marden,* for appellant, upon the point that defendant's possession, open and exclusive, for more than four years, was constructive notice to plaintiff of defendant's improvements, cited *Minor* v. *Willoughby,* 3 Minn. 154, (225;) *Morrison* v. *March,* 4 Minn. 325, (422;) *Carleton College* v. *McNaughton,* 26 Minn. 194; *Bausman* v. *Kelley, ante,* p. 197; *Brown* v. *Volkening,* 64 N. Y. 76.

*Rawson & Houpt,* for respondent.

VANDERBURGH, J. The plaintiff was the owner in fee of the lands in controversy, subject to the claim asserted by defendant under a tax certificate issued to one Michael Schmitz, upon the sale under the tax judgment for the taxes of 1877, entered July 22, 1878. The defendant purchased the land of Schmitz for a valuable consideration, and received a warranty deed therefor, under which he entered into possession in 1883, without actual notice of any defects invalidating his title, and has since made improvements, which are found to be of the value of $1,900, and the value of the land is assessed by the jury at the sum of $1,000. It is also found by the court that the plaintiff, prior to the commencement of the action, never had any notice, actual or constructive, of the fact of defendant's possession, and that the defendant did not enter under an official deed, but only under the conveyance to him made by Schmitz, and that no title was vested in Schmitz under the tax sale, by reason of his failure to cause notice of the expiration of the time of redemption to be served, as provided by law. The question here presented is whether the defend-

ant is entitled to insist upon the payment of the value of his improvements, under Gen. St. 1878, c. 75, §§ 15, 17, or whether he is obliged to pay the plaintiff the value of the land as a condition of retaining the possession, which plaintiff has duly demanded, under section 18.

An ineffectual attempt was made to serve notice of the expiration of redemption, and there was no further evidence offered on that question except the indorsement of the county auditor upon the certificate, prior to its being recorded, that the time had expired, and the land was unredeemed. The burden rested on the defendant to prove the service of the notice, and the auditor's certificate in question was not such proof. Gen. St. 1878, c. 11, § 121; *Nelson* v. *Central Land Co.*, 35 Minn. 408, (29 N. W. Rep. 121.) Such certificate was evidence only that the land remained unredeemed. Gen. St. 1878, c. 11, § 100. Title was not acquired, therefore, under the tax certificate, which never became operative as a conveyance, or "official deed," and possession thereunder was unauthorized. Gen. St. 1878, c. 11, § 84.

But, since it is conceded that the defendant's entry under Schmitz's deed was under color of title in fee, his right to an election to be paid the value of his improvements depends upon the question whether the plaintiff had seasonable notice of the defendant's possession; for the statute makes this distinction between cases where the land-owner, or claimant, as he is styled, has such notice and where he has not. As the statute (section 15) limits the right of recovery, by the occupant, to the value of improvements made upon the land previous to actual notice of plaintiff's claim, so if the claimant, having notice, stands by, and suffers such improvements to be made by the occupant in good faith, without disclosing or asserting his claim, he is required to pay the value thereof, to be assessed in the action, as a condition of the recovery of the possession, and is not entitled to his election to sell the land. The rule is declared in section 15, requiring such reimbursement "except as hereinafter provided;" and the exception is found in section 18, which in substance provides that a claimant, in a case like this, where the occupant is in possession under color of title in fee, but not under an official deed, may, if he have no "notice, actual or constructive, of the occupant's possession," require the occupant to pay him the assessed value of the land as

therein provided. The burden rests upon the occupant in the first instance to allege and prove his good faith, and to negative notice of the claim of the true owner; and on the other hand, we are of the opinion that it devolves upon the latter to bring himself within the exception we have referred to, and deny notice in his pleading, and so far negative it in his evidence as to make a *prima facie* case, which the occupant would be required to meet by showing affirmatively, in rebuttal, the facts and circumstances necessary to establish it. As the record shows that there was no evidence whatever on the subject in this case, we think the court was not warranted in finding that the plaintiff had no notice, actual or constructive, of defendant's possession, and as upon this finding is based plaintiff's right to demand the payment of the value of the land, instead of paying for the improvements, it was error for which a new trial should be granted.

But the defendant contends that his possession was in itself constructive notice to the plaintiff, and that the latter is bound by it. It is evident, however, that the statute cannot bear this interpretation; otherwise the claimant would in all cases be chargeable with constructive notice, and there would be no cases falling within the exception provided for in the first half of section 18. And, to entitle the occupant to this superior equity, the notice to the claimant must precede the improvements in question; but the making and existence of the improvements may be the chief or only evidence of open and notorious adverse possession. The claimant cannot be chargeable with negligence or bad faith in suffering improvements to be made, the existence of which is alone relied on to establish notice thereof. But the circumstances and length of the possession, the situation of the premises and the parties, may doubtless be evidence, more or less material, depending upon the nature of the case. Upon the subject of constructive notice in such cases, it is said by Chancellor Kent, (4 Comm. *179:) "It is, indeed, difficult to define with precision the rules which regulate implied or constructive notice, for they depend upon the infinitely varied circumstances of each case. The general doctrine is that whatever puts a party upon an inquiry amounts, in judgment of law, to notice, provided the inquiry becomes a *duty*,—as in the case of purchasers and creditors,—and

would lead to the knowledge of the requisite fact by the exercise of ordinary diligence and understanding." Whatever is notice enough to excite attention, and put a party upon his guard, and call for inquiry, is notice of everything to which such inquiry might have led. *Kennedy* v. *Green*, 3 Mylne & K. 699, 722. But the present disposition of the courts is not to extend, but rather to restrict, the doctrine of constructive notice. Bisp. Eq. § 269. The general rule is that a *purchaser* of land is bound to take notice of the rights of the party in possession; but where an entry has been made upon unoccupied or unimproved lands by one claiming adversely to the true owner, the question whether his possession is sufficiently notorious and unequivocal, or for such length of time, as to put the owner upon inquiry, or whether, from the nature of the case, "inquiry had become a duty," so as to charge him with constructive notice, must necessarily depend upon the special circumstances of each case. In this case, for the reasons herein stated, it is clear that the general finding of the court, in respect to the defendant's occupancy and improvements, is insufficient to warrant the presumption of constructive notice, within the meaning of the statute in question.

Judgment reversed, and new trial granted.