RUTH STERLING v. MARY H. URQUHART and Others.[1]

February 6, 1903.

Nos. 13,288—(227).

**Notice of Delinquent Taxes.**

The published notice of delinquent taxes, which in the first paragraph thereof is directed to all persons having any "interest in, claim to, or lien upon" the land to be sold, following the form prescribed in G. S. 1894, § 1580, held sufficient, though the quoted words are omitted from the last paragraph of such statutory form; it being followed in all other respects.

**Redemption from Tax Sale.**

Where it is sought, in support of a tax judgment, to give the sixty-day redemption notice provided for in G. S. 1894, § 1654, it must be directed to the person in whose name the lands are assessed, due proof of which must be made in a contest between the owner of the tax judgment and the person whose interests are to be affected thereby.

Action in the district court for Hennepin county against defendants, Mary H. Urquhart and others, to establish the lien of cer-

[1] Reported in 93 N. W. 898.

tain mortgages held by plaintiff upon six tracts of land in that county. Defendant Urquhart alone appeared and answered, claiming title under certificates of tax sale. The case was tried before Elliott, J., who found that plaintiff's mortgages were valid liens; that the tax certificates held by defendant Urquhart upon two of the tracts were void, and that from the tax sales evidenced by defendant's remaining certificates plaintiff was entitled to redeem. From an order denying a motion for a new trial, defendant Urquhart appealed. Modified.

*James Robertson*, for appellant.

*Tryon & Booth*, for respondent.

LOVELY, J.

This is a suit to establish the lien of six mortgages executed by one of the defendants and assigned to plaintiff. Each mortgage was upon one lot in Calhoun Park, Minneapolis. Defendant Mary H. Urquhart claims title under sales for delinquent taxes of 1894 on two of the lots, and on the remaining four lots for the taxes of 1895. The other defendants are in default. The cause was tried to the court, who made findings of fact, and held that defendant Urquhart was not the owner of the two lots sold for 1894 taxes, but was entitled to refundment of the taxes, with interest thereon. With reference to the remaining four lots, which were sold for 1895 taxes, the court held that defendant had failed to establish the validity of her tax title, but that the sixty-day redemption notice required by G. S. 1894, § 1654, had not been given, and that plaintiff was then entitled to redeem therefrom. The conclusion we have reached in the disposition of this cause requires us to pass upon two questions only:

1. With reference to lots 9 and 10 in block 38, Calhoun Park, as to which the court found the sales void, its conclusion rests upon the claim that these parcels were sold for the taxes of 1894, but that the requisite citation provided for in G. S. 1894, § 1580, had not been published as required therein. It is necessary, to understand the force of this claim, to quote at length the notice of delinquent taxes as published. It is as follows:

"The State of Minnesota, to all persons, companies, or corporations who have or claim any estate, *right, title, or interest in, claim to, or lien upon,* any of the several pieces or parcels of land in the list hereto attached described:

"The list of taxes and penalties on real property for the county of Hennepin, remaining delinquent on the first Monday in January, 1896, has been filed in the office of the clerk of the district court of the county of Hennepin, of which that hereto attached is a copy. Therefore you, and each of you, are hereby required to file in the office of said clerk, on or before the twentieth day of March, 1896, your answer in writing, setting forth any objection or defense you may have to the taxes, or any part thereof, upon any piece or parcel of land described in said list, in, to, or on which you have or claim any estate; * * * and in default thereof judgment will be entered against such piece or parcel of land for the taxes on said list appearing against it, and for all penalties, interest, and costs."

In this notice the words "or interest in, claim to, or lien upon," italicized in the first paragraph, were not included in the last paragraph, in the space where the blank with the stars therein appears above, which would then follow literally the exact form prescribed in the section of the statute last cited.

While it is essential in the sale of lands forfeited for taxes that the officers charged with such duty comply with this law with reasonable strictness, yet the statute does not, in terms, provide that the form specified therein shall in all cases be adopted, but that the notice shall be substantially in the form given in the section referred to; and the majority of the court are of the opinion, and so hold, that the owner of the mortgage lien in this case was, by the reference to "any interest in, claim to, or lien upon" in the first paragraph, sufficiently apprised of a purpose to affect her mortgage interest in the lots by the proposed tax judgment, without repeating such reference to interests and liens in the second paragraph of the notice where it was omitted.

2. Notices to redeem all the six lots were, upon demand of appellant, made out by the auditor, and directed to W. S. King, as the owner thereof. This was intended to comply with the statute which provides that, upon the presentation of a tax certificate by the holder to the county auditor, that official

88 M.—32

"Shall prepare, under his hand and official seal, a notice to the person in whose name such lands are assessed, specifying * * * the amount required to redeem * * * and the time when the redemption period will expire,"

which shall be sixty days after service and proof thereof, and is to be served by the sheriff as an ordinary summons in a civil action. G. S. 1894, § 1654.

Evidence was offered at the trial tending to show that the lots were assessed in the name of W. S. King in 1894 and 1896, and it may be conceded that it was sufficient for that purpose; but as we are required to take notice that there was an assessment of this property in 1898 in compliance with the general laws of this state, requiring lands to be assessed each even-numbered year (Hoyt v. Chapin, 85 Minn. 524, 89 N. W. 850), it was to the person named in such assessment that the redemption notice should have been directed by the auditor as provided in section 1654, supra, since we cannot assume, as a matter of law, that lands will continue to be assessed in the name of the person named in previous assessments. Eide v. Clarke, 57 Minn. 397, 59 N. W. 484. There was no direct evidence at the trial that any of the lots in question were assessed in 1898,—the time for the assessment next previous to the issuance of the redemption notices in this case,—and, if such proof was required, the failure to furnish it at the trial justifies the finding of the court that four of the lots are still subject to the sixty-day redemption notice prescribed in section 1654, supra.

It is urged that it must be presumed that the county auditor, in issuing a redemption notice, has performed his duty, which would require him to examine the assessment rolls, and insert in such notice the correct name of the person in whom the land appears therein to have been assessed. As a general rule, it may be conceded, in the absence of proof, that public officers perform the duties enjoined upon them by law; but this rule has not in this state been applied rigidly to tax sales, the effect of which is to create a forfeiture. The logical tendency and result of the previous decisions of this court are such that a reasonable regard for consistency requires us to hold that the name of the person in

whom the land has been assessed last previous to the issuance of the redemption notice is a material fact to be established in a contest between the holder of a tax certificate and the owner of the land, or of a lien thereon, to cut off the right to redeem. Jewell v. Truhn, 38 Minn. 433, 38 N. W. 106; Mueller v. Jackson, 39 Minn. 431, 40 N. W. 565; Stackhouse v. Berryhill, 47 Minn. 20, 49 N. W. 392; Dole v. Sherwood, 41 Minn. 535, 43 N. W. 569.

We therefore conclude that the only relief to which plaintiff is entitled is the right to redeem from the tax sales on all the lots in question, to expire sixty days after the proof of service of the proper redemption notices.

The case is remanded, with direction that the trial court modify its conclusions in accordance with the views above expressed.