# LEWIS LOHN v. LUCK LAND COMPANY.[1]

May 21, 1915.

Nos. 19,062—(48).

**Tax sale — notice of redemption — proof.**

In proving the elimination of the owner's right to redeem from a sale of land pursuant to a tax judgment, it is necessary to show by the assessment books that, when the notice of expiration of the time of redemption issued, the land stood assessed in the name of the one to whom the notice was directed. The recitals in the notice do not furnish the required proof.

Action in the district court for Mahnomen county to determine defendant's adverse claim to certain real estate under a certain tax certificate. The case was tried before Grindeland, J., who made findings and ordered judgment in favor of plaintiff, subject to defendant's lien for the sum of $102.58 taxes paid, and in favor of defendant for the amount of taxes. From the judgment entered pursuant to the order for judgment, defendant appealed. Affirmed.

*H. W. Volk* and *R. J. Powell,* for appellant.

*John Vig,* for respondent.

HOLT, J.

The action is evidently intended to be brought under section 2170, G. S. 1913, to remove the cloud cast upon plaintiff's title by a tax certificate. Judgment was rendered for the relief asked by plaintiff and determining the amount of the lien defendant was entitled to for taxes paid by it. The judgment recites that the amount so determined had been paid into court. Defendant appeals, asserting that it established a valid tax title.

Plaintiff and defendant claimed title from the same grantor. Plaintiff's title was first in point of time. It is virtually conceded that defendant cannot prevail on this appeal, unless the tax title, through which it asserts ownership, is valid. Several serious objections are made to the validity of the state assignment certificate be-

[1] Reported in 152 N. W. 764.

cause of defects in the tax proceedings and omissions of the officials to make proper entries prior to, and at the time of, the issuance of the certificate. These we do not find necessary, or advisable here to consider or decide, for the record discloses a fatal omission in the proof relating to the elimination of the owner's right of redemption. The statute requires that the notice of the expiration of the time of redemption shall be directed to the one in whose name the land is assessed when the notice issues. Although the auditor is required to so issue the notice, the fact that the issued notice is directed to a certain person is not proof, even *prima facie,* that the land was then assessed in the name of such person. In this instance there is, to be sure, a recital in the notice itself that it is directed to the person in whose name the land is assessed, but that adds nothing by way of proof, for the form of notice prescribed by statute does not require any recital to that effect. Apart from the notice itself no proof whatever was offered as to whom, if anyone, the land was then assessed. We have held that if, by reason of defective description of the land on the assessment book, it cannot be proven that the land is assessed in the name of anyone, notice of the expiration of redemption cannot be given. Foster v. McClure, 121 Minn. 409, 141 N. W. 797. That the land when the notice issued stood assessed in the name of the one to whom the notice is directed, is a material fact to be proven in showing a valid elimination of the right of redemption. It has been squarely held that recitals by the auditor in the notice do not supply this proof. From Sterling v. Urquhart, 88 Minn. 495, 93 N. W. 898, we quote: "It is urged that it must be presumed that the county auditor, in issuing a redemption notice, has performed his duty, which would require him to examine the assessment rolls, and insert in such notice the correct name of the person in whom the land appears therein to have been assessed. As a general rule, it may be conceded, in the absence of proof, that public officers perform the duties enjoined upon them by law; but this rule has not in this state been applied rigidly to tax sales, the effect of which is to create a forfeiture. The logical tendency and result of the previous decisions of this court are such that a reasonable regard for consistency requires us to hold that the name of the person in whom the land has

been assessed last previous to the issuance of the redemption notice is a material fact to be established in a contest between the holder of a tax certificate and the owner of the land, or of a lien thereon, to cut off the right to redeem." See also Mueller v. Jackson, 39 Minn. 431, 40 N. W. 565. Whether or not this missing link in the proof controlled the decision of the trial court is of no consequence. Its absence from the record is now called to our attention, and since there is nothing by way of admission, or otherwise, to supply the lacking proof defendant's certificate never ripened into title.

The record fails to show defendant entitled to any other relief than given by the judgment.

Judgment affirmed.