FRANCIS W. SWEET v. BEATRICE LOWRY AND OTHERS.[1]

November 12, 1915.

Nos. 19,410.—(76).

**Pleading — complaint — laches.**

1. If a complaint in an equitable action discloses delay in assertion of a right which, unexplained, amounts to laches. it must also allege facts excusing the delay. A person is not to be barred by laches of the assertion of a right, unless he have knowledge, actual or imputed, of the existence of the right, but, where the facts are such as would ordinarily be known to him, he must plead want of knowledge on his part.

[1] Reported in 154 N. W. 793.

**Same — excuse for laches.**

2. In order to relieve himself of the charge of laches on the ground of ignorance of the facts, it is not sufficient to allege generally that he was ignorant of the facts until a given time. He must allege facts and circumstances from which the court may determine whether or not the discovery was made at the time mentioned.

Action in the district court for Hennepin county. Defendants' demurrer to the complaint was sustained, Hale, J. From the judgment entered pursuant to the order for judgment, plaintiff appealed. Affirmed.

*Booth & McDonald,* for appellant.

*Koon, Whelan & Hempstead,* for respondents.

HALLAM, J.

In 1874 Thomas Lowry was appointed guardian of plaintiff and his brothers. Plaintiff became of age in 1892. The account of the guardian was never settled in probate court. Mr. Lowry died in 1909. His estate was probated and a final decree entered prior to February, 1912. This action was brought in June, 1914, against the defendants as devisees of Mr. Lowry to compel them to account for the value of real estate of the ward which it is alleged the guardian wrongfully permitted to be lost on mortgage foreclosure. The foreclosure occurred in 1877, now nearly forty years ago. A former action was brought on this same alleged cause of action in 1912, and a demurrer to the complaint was sustained on the ground that the delay of twenty years after attaining majority and until after the death of the guardian, the only person on whom defendants could rely for knowledge of the facts, was such laches as barred plaintiff's right of action. This decision was predicated largely on the fact that it appeared inferentially from the complaint that at the time he became of age plaintiff knew of the guardianship. Sweet v. Lowry, 123 Minn. 13, 142 N. W. 882, 47 L.R.A. (N.S.) 451.

The complaint in this action contains allegations similar to those of the complaint in the former action, with the additional allegation "That plaintiff never knew or had reason to believe that he had a guardian; that he had inherited any real estate; that he had ever received from his grandfather by will any money, or that there was any reason why he should have had a guardian, until the month of February, 1912."

Plaintiff relies on this allegation to relieve himself of the charge of laches.

1. In our opinion this allegation is not sufficient. A party is held barred by laches from the assertion of an equitable right when the delay is so long and the circumstances of such character as to establish a relinquishment or abandonment of the right, or when, by reason of death of witnesses, loss of evidence or other matter in the nature of estoppel, a situation arises which makes it clearly inequitable or unjust to enforce it. Roush v. Griffith, 65 W. Va. 752, 65 S. E. 168. If the complaint discloses delay which, unexplained, appears to be unreasonable, it must also allege facts explaining or excusing the delay. A person is not to be barred by laches of the assertion of a right, unless he have actual knowledge of the facts from which the right arises, or knowledge of such other facts as would put an ordinarily prudent man upon inquiry. Marcotte v. Hartman, 46 Minn. 202, 48 N. W. 767; Brandes v. Carpenter, 68 Minn. 388, 71 N. W. 402; Hanson v. Swenson, 77 Minn. 70, 79 N. W. 598; Schmitt v. Hager, 88 Minn. 413, 93 N. W. 110; but, where the facts are such as would ordinarily be known to him, he must plead want of knowledge on his part.

2. In order to relieve himself of the charge of laches, on the ground of ignorance of the facts, it is not sufficient to allege generally that he was ignorant of the facts until a given time. He must allege facts and circumstances from which the court may determine whether or not the discovery was within the period mentioned. As stated by Justice Brewer, in Hardt v. Heidweyer, 152 U. S. 547, 558-559, 14 Sup. Ct. 671, 674, 38 L. ed. 548:

"It is well settled that a party who seeks to avoid the consequences of an apparently unreasonable delay in the assertion of his rights on the ground of ignorance must allege and prove, not merely the fact of ignorance, but also when and how knowledge was obtained, in order that the court may determine whether reasonable effort was made by him to ascertain the facts. * * * 'A general allegation of ignorance at one time and of knowledge at another is of no effect. If the plaintiff made any particular discovery, it should be stated when it was made, what it was, how it was made, and why it was not made sooner.'"

This is the rule well settled in this state in actions for relief on the

ground of fraud, where plaintiff relies on ignorance of the fraud to avoid the bar of the statute of limitations. Humphrey v. Carpenter, 39 Minn. 115, 39 N. W. 67; Downer v. Union Land Co. of St. Paul, 113 Minn. 410, 414, 129 N. W. 777. This is the generally prevailing rule. Phelps v. Elliott, 29 Fed. 53; Strout v. United Shoe Mach. Co. 208 Fed. 646; United States v. Puget Sound Traction, Light & P. Co. 215 Fed. 436; Duncan v. Williams, 89 Ala. 341, 7 South. 416; Lillis v. Silver Creek & P. L. & W. Co. 21 Cal. App. 234, 131 Pac. 344; Lady Washington Consolidated Co. v. Wood, 113 Cal. 482, 487, 45 Pac. 809; Erickson v. Quinn, 3 Lans. (N.Y.) 299; Bremond v. McLean, 45 Tex. 10, 18, 19. The two classes of cases are analogous and no distinction can be drawn between them. The rule may seem technical, but it can work no injustice to the plaintiff who has it in his power to allege the necessary facts, and a less strict rule might impose unnecessary burden of litigation upon defendants. We find no occasion to here repudiate the rule so well established and we adhere to it.

The order sustaining the demurrer must be affirmed.