## THEODORE H. BROCKMAN v. ELISE H. BROCKMAN.[1]

### May 26, 1916.

### Nos. 19,724—(111).

**Vacating judgment obtained by fraud — granting of relief — laches.**

1. G. S. 1913, § 7910, gives a right of action to set aside a judgment procured by fraud of the prevailing party in invoking the jurisdiction of the court or preventing the other party from defending the action or inducing him not to do so. The right to have a judgment vacated for fraud is not an absolute one. The granting of relief is governed by equitable principles and may be barred by laches.

**Statute applies to decree in divorce — laches.**

2. The statute applies to divorce decrees. The state is interested in seeing that divorces are granted only on lawful grounds and in a

[1]Reported in 157 N. W. 1086.

lawful manner. Where, however, a new marriage alliance has been formed in reliance on the decree of divorce, that fact must be taken into account in any action to set aside the decree.

**Complaint.**

3. The complaint in this action to set aside a divorce decree obtained by plaintiff's wife, the defendant in this case, alleged fraud in inducing this plaintiff to believe that the suit had been abandoned, and renewal of cohabitation after suit brought. The complaint contains unsatisfactory showing as to the existence of a defense when the divorce suit was brought. It shows that the husband was more than three months in default when the fraud is charged to have been committed. It alleges no representations that the suit had been dismissed and no promise that it would be dismissed, alleges an agreement by the husband not to defend, alleges that the parties never resumed their common home but maintained separate homes, though with cohabitation at times, for 4½ years and until the wife remarried to one innocent of any wrong. The facts alleged are sufficient to charge plaintiff with notice of the existence of the divorce decree, and the complaint shows on its face that plaintiff is now barred by laches from procuring an annulment of the divorce decree, and it is demurrable.

Action in the district court for Hennepin county to set aside a decree of divorce in an action wherein defendant in this action was plaintiff and plaintiff in this action was defendant. From an order sustaining defendant's demurrer to the complaint, Steele, J., plaintiff appealed. Affirmed.

*Harvey O. Sargeant,* for appellant.

*James A. Peterson,* for respondent.

HALLAM, J.

Appeal from an order sustaining a demurrer to a complaint. The complaint alleges the following facts: Plaintiff and defendant were married in 1898. One child was born to them. Defendant owned considerable property in Minneapolis and she provided the family home there. In 1910, as a culmination of some marital trouble, she commenced action for divorce, alleging habitual drunkenness and cruel and inhuman treatment. On April 21, 1910, the summons was served on her husband personally, and, with it, an order of court ordering him to keep out of the house where she lived. The husband then came to St. Paul. He in-

terposed no answer in the divorce suit. His excuse at first was, that since his wife had "driven him from home     *    *   *    he had been unable to find employment, and that he had no money with which to defend said suit or to pay his living expenses." On July 25, 1910, however, he received some money from his wife's father. He took no steps then to defend the suit. On August 15, his wife came to see him at his rooms in St. Paul and spent the day there, and on that day, it is alleged, they consorted together as man and wife. It is further alleged that on that day she sought a reconciliation, but at the same time sought him to interpose no defense to the action for divorce which she was prosecuting against him. Thereafter, it is alleged, defendant visited plaintiff's rooms from time to time and represented to him "that she had abandoned her said action for divorce and sought a complete reconciliation;" that plaintiff believed her representations, but again he "agreed to interpose no defense to said action for divorce" which defendant was prosecuting. It is alleged that the parties then went to a nearby lake resort and for a short time lived together as husband and wife. While so living, and on October 6, defendant proved up her action for divorce and obtained by default a decree of divorce. On what sort of testimony the divorce was procured does not appear.

Thereafter, and in November, 1910, plaintiff returned to his rooms in St. Paul and defendant to her home in Minneapolis. They have ever since maintained separate homes, though they visited back and forth and frequently cohabited together and spent their summers together at some lake resort. Plaintiff alleges that he supposed they were husband and wife. The financial obligations of matrimony did not, however, rest heavily upon him, for there is no claim that at any time during this period he ever contributed to the support of wife or child, but, on the contrary, he freely admits that on several occasions when he was "destitute" he was given money and his expenses were paid by defendant, which gratuities he alleges he believed were paid to him as the "act of affection and loyalty" of a wife. On May 20, 1915, defendant married Dennie Demain. Thereupon plaintiff, for the first time, examined the court records, and he alleges that he then for the first time discovered that his wife had procured a divorce. He then commenced this action to set aside the decree for fraud.

1. This action is brought under G. S. 1913, § 7910, which gives a right of action to set aside a judgment procured by fraud of the prevailing party. The statute gives the right of action only in cases where there is "fraud in invoking the jurisdiction of the court, or in preventing the party from defending the action, or inducing him not to do so." Kriha v. Kartak, 127 Minn. 406, 411, 149 N. W. 666, 667. The action is equitable in its nature. If the case is brought within the statute, it is the duty of the court to grant relief (Geisberg v. O'Laughlin, 88 Minn. 431, 93 N. W. 310) ; but the right to have a judgment vacated because of fraud of the prevailing party is not an absolute one. The granting of relief is governed by equitable principles and may be barred by the laches of the party seeking the relief. McElrath v. McElrath, 120 Minn. 380, 139 N. W. 708, 44 L.R.A.(N.S.) 505. See also Colby v. Colby, 59 Minn. 432, 61 N. W. 460, 50 Am. St. 420.

2. The statute applies to decrees obtained in actions for divorce, and the fact that the party who procured the decree has remarried is not a bar. Bomstra v. Johnson, 38 Minn. 230, 36 N. W. 341. See also True v. True, 6 Minn. 315, 323 (458, 466) ; Olmstead v. Olmstead, 41 Minn. 297, 299, 43 N. W. 67. At the same time the fact of remarriage is important. Divorce actions are somewhat different from other actions and must be so regarded. The preservation of the sanctity of marriage is deemed essential to the public welfare, and the state is interested in seeing that divorce is granted only on lawful grounds and in a lawful manner. It is for this reason that the court will not grant a divorce upon consent of parties unless lawful ground exists therefor. Until a decree is entered, the court, with a view to conserve the public interest, seeks the truth from whatever source it may come, and will, upon very slight pretext, relieve a defendant from default in answer. Even after judgment much liberality will be indulged in opening defaults where there is a showing of fraud or collusion. Where, however, a new marriage alliance has been formed in reliance on the decree of divorce, the state has an interest in that as well, and that fact must be taken into account in any action or proceeding to set aside the divorce decree.

3. It seems clear that the facts alleged are not sufficient to warrant setting aside the divorce decree. That plaintiff had a defense to the action for divorce when it was commenced does not very satisfactorily

appear. If he had a defense, he had no excuse for not interposing it before the alleged fraud was committed upon him. Even when he had funds he saw fit not to use them for this purpose. Whatever may be said of the allegations of fraud which he now makes, the following facts stand out: Defendant had been in default for three months before any fraud is charged to have been committed; no representation was ever made that the suit had been dismissed; no promise was made that it would be dimissed. Plaintiff agreed not to defend the divorce suit. These facts are hard to reconcile with any theory that plaintiff thought the suit was dismissed, and the maintenance by the parties of separate homes and the abstinence of plaintiff from support of his family is quite inconsistent with the thought that there had been a real reconciliation. These facts together with his failure to make inquiry during 4½ years as to the disposition of the suit, during most of which time the parties were living apart in such manner as to give the semblance of separation, and until one innocent of all wrong has become married to defendant, show such laches as should now bar plaintiff of any right to procure an annulment of the decree which was matter of public record during all these years.

The defense of laches does not, like the statute of limitations, depend entirely upon lapse of time. That is only one of the considerations involved. It is an equitable defense based "upon grounds of public policy, which require, for the peace of society, the discouragement of stale demands;" (Schmitt v. Hager, 88 Minn. 413, 93 N. W. 110; Sanborn v. Eads, 38 Minn. 211, 36 N. W. 338); or "upon the manifest inequity of permitting the claim to be enforced, in view of some change in the condition of the property or in the relations of the parties to the controversy." Wetzel v. Minnesota Ry. Transfer Co. 65 Fed. 23, 26, 12 C. C. A. 490, 493. That is, a party may be barred by laches from the assertion of an equitable right when the delay is so long and the circumstances of such character as to establish a relinquishment or abandonment of the right, or he may be barred when by reason of matters in the nature of estoppel a situation arises which makes it clearly inequitable or unjust to enforce it. Sweet v. Lowry, 131 Minn. 109, 154 N. W. 793; Roush v. Griffith, 65 W. Va. 752, 65 S. E. 168. It is upon the latter ground that relief must be denied in this case.

True, a party is not to be barred by laches of the assertion of a right,

unless he have actual knowledge of the facts from which the right arises, or knowledge of such other facts as would put an ordinarily prudent man upon inquiry. Marcotte v. Hartman, 46 Minn. 202, 48 N. W. 767; Brandes v. Carpenter, 68 Minn. 388, 71 N. W. 402; Hanson v. Swenson, 77 Minn. 70, 79 N. W. 598; Sweet v. Lowry, 131 Minn. 109, 154 N. W. 793. But the rule is that, whatever is notice enough to excite attention, and put a man upon his guard, and call for inquiry, is notice of everything to which such inquiry might have led. Jewell v. Truhn, 38 Minn. 433, 438, 38 N. W. 106; Marcotte v. Hartman, 46 Minn. 202, 48 N. W. 767. Applying these principles, we think the facts we have recited are abundantly sufficient to charge plaintiff with notice of the divorce decree.

It appears from the facts stated in the complaint that plaintiff is barred by laches from the relief that he asks. In such case the complaint is demurrable. Sweet v. Lowry, 123 Minn. 13, 142 N. W. 882, 47 L.R.A. (N.S.) 451; 131 Minn. 109, 154 N. W. 793.

Order affirmed.