## C. S. DEAVER v. ARIEL E. NAPIER.[1]

### January 18, 1918.

### No. 20,687.

**Adverse claims — payment of taxes into court unnecessary, when.**

1. Under G. S. 1913, § 8060, the fee owner may maintain an action to determine adverse claims against a tax title holder, without paying into court the amount paid at the tax sale and subsequent taxes, though if he had brought an action to cancel the tax certificate under G. S. 1913, §§ 2168-2170, he would be required to make such payment.

**Taxation —. name of person to whom assessed — no presumption in aid of proof.**

2. There is no presumption that lands assessed in 1902 and 1904 in the name of a particular person are so assessed in 1908 when notice of expiration is issued; nor does the fact that the property was assessed in the name of the record owner in 1902 and 1904, coupled with the fact that there was no change in record ownership until after 1908, afford a presumption that the assessment was the same in 1908; nor does the presumption that public officers perform their duties dispense with proof that the property was assessed in the name of the person to whom the auditor directed the notice; nor is the recital in tax receipts of the treasurer that the property was assessed in the name of a particular person proof of the fact.

**Same — expiration of redemption — auditor's indorsement not proof of giving notice.**

3. The indorsement of the auditor on a tax certificate, required by G. S. 1913, § 2135, to the effect that the time for redemption has expired and that the land is unredeemed is not proof that notice of expiration has been given.

**Same.**

4. The prima facie effect as evidence given to tax certificates by G. S. 1913, § 2132, of title in fee in the grantee after the time for redemption has expired, does not prove the giving of the notice of expiration.

[1] Reported in 166 N. W. 187.

Action in the district court for Hennepin county to determine adverse claims to vacant and unoccupied land. The answer alleged that for many years defendant had been the owner in fee simple and in exclusive possession and had paid the taxes. The case was tried before Molyneaux, J., who at the close of the testimony denied defendant's motion to dismiss the action and her motion for judgment, made findings and ordered judgment in favor of plaintiff, subject to a lien of defendant for $326.64, to satisfy which it was ordered that the property be sold. From an order denying her motion for a new trial, defendant appealed. Affirmed.

*Rieke & Hamrum* and *William R. Morris,* for appellant.

*Andrew Fawcett,* for respondent.

DIBELL, C.

Action to determine adverse claims. There were findings for the plaintiff upon the issue as to title. The defendant was given a lien for the amount paid for tax certificates and for subsequent taxes paid, and interest. He appeals from the order denying his motion for a new trial.

1. The plaintiff has the fee title. The defendant has a tax title. The action is the ordinary one under G. S. 1913, § 8060, to determine adverse claims. By G. S. 1913, §§ 2168-2170, it is provided that in any action to set aside a tax judgment or tax certificate or to remove a cloud created by a tax certificate the plaintiff shall pay into court the amount for which the land was sold with subsequent taxes paid by the certificate holder, and interest. Section 8060 makes no such requirement, and in an action under it the complaint does not disclose the nature of the defendant's title. Such payment was not made. The defendant claims that it is necessary even when the action is under section 8060. We cannot so hold. The fee owner may bring his action in the ordinary form under section 8060, without paying into court, or he may proceed under sections 2168-2170, and then must pay into court. See Culligan v. Cosmopolitan Co. 126 Minn. 218, 148 N. W. 273; Foster v. Clifford, 110 Minn. 79, 124 N. W. 632.

2. The statute requires the notice of expiration of redemption period to be directed to the person in whose name the lands are assessed. G. S. 1913, § 2148. The notice was issued on October 14, 1908, and was

directed to the American Surety Company. The assessment books for 1902 and 1904 were offered in evidence and they showed the assessments for these years in the name of the surety company. No later assessment was offered. From the ones in evidence no presumption arose that the lands were so assessed in 1908 when the notice was issued, and this was the material date. Sterling v. Urquhart, 88 Minn. 495, 93 N. W. 898.

Nor does the fact that the record ownership of the property was in the surety company when the 1902 and 1904 assessments were made, and that there was no change in record ownership until after 1908, afford a presumption that the assessment continued as in 1902 and 1904.

Nor does the presumption that public officers perform their duties obviate the necessity of such proof. Sterling v. Urquhart, 88 Minn. 495, 93 N. W. 898.

In proof of a lien for taxes paid, the defendant offered in evidence tax receipts covering 1908 and prior and subsequent years. They recited that the lands were assessed in the name of the surety company. The assessment books returned by the assessor and filed with the county auditor are the primary evidence. The statute does not require a statement in the tax receipt of the one in whose name the property is assessed. The tax receipts are not proof of the fact. They are by statute proof of the fact of payment of taxes.

By his notice of expiration of redemption period the tax title holder eliminates the right of redemption and divests the title of the fee owner. It is the last act in the forfeiture. He must follow the statute and must make strict proof and is not favored by presumptions.

3. The statute requires the auditor to indorse on the tax certificate that the property covered thereby is unredeemed and that the time for redemption has expired. G. S. 1913, § 2135. This was done. Such an indorsement does not evidence the giving of notice of expiration. Jewell v. Truhn, 38 Minn. 433, 38 N. W. 106.

4. By G. S. 1913, § 2132, the tax certificate is made prima facie evidence of certain facts relative to the assessment, judgment and sale, and "of title in the grantee therein after the time for redemption has expired." It is not evidence that the notice of expiration has been given, and it is evidence of title only upon proof of the giving of such notice. Mueller v. Jackson, 39 Minn. 431, 40 N. W. 565. The plaintiff does not

assert the invalidity of the judgment or sale. His only claim is that the right of redemption has not been eliminated. The statute is without application.

The points discussed are those urged by the defendant. The defendant was entitled to a lien for the amount paid for the tax certificates and subsequent taxes, with interest, and this was given. The plaintiff was rightly adjudged the owner subject to this lien.

Order affirmed.