## IN THE MATTER OF DELINQUENT TAXES ON REAL ESTATE IN BELTRAMI COUNTY, MINNESOTA, FOR THE YEAR 1912.[1]

February 6, 1920.

No. 21,627.

**Vacating tax judgment — laches.**

1. The trial court did not err in denying the motion of a landowner to vacate a tax judgment and for leave to answer made something over five years after its entry, when the landowner long before its motion had knowledge or notice of facts which if pursued would have disclosed the defense which it claimed.

**Tax sale not defeated by omission of county auditor.**

2. A failure of the county auditor to send to the state auditor a list of unredeemed lands in June of each year, as provided by G. S. 1913, § 2127, does not prevent or defeat a sale.

Bemidji Townsite & Improvement Company moved to open a judgment entered in the district court for Beltrami county for the delinquent real estate taxes for the year 1912 as to specific lots, and for leave to file an answer in the tax proceedings. The application was heard by McClenahan, J. From the order denying the motion, the townsite company appealed. Affirmed.

*Kerr & Richardson,* for appellant.

*Graham M. Torrance,* County Attorney, for respondents.

DIBELL, J.

The Bemidji Townsite & Improvement Company made a motion to vacate a delinquent tax judgment and for leave to answer and for an

[1] Reported in 176 N. W. 183.

injunction against a sale on the judgment. The motion was denied and it appeals from the order denying it.

1. In 1912 the lots of the townsite company in Bemidji were assessed. The taxes were not paid, the company did not answer, and in March, 1914, the usual tax judgment was entered in the district court of Beltrami county. The lots were offered for sale at the May sale and were bid in for the state. Subsequent taxes have accrued but there has been no actual sale. A sale was advertised for August 11, 1919, pursuant to G. S. 1913, § 2127, et seq. Shortly before this date the company's motion to vacate the judgment and for leave to answer and for an injunction was made. A temporary restraining order was granted ex parte.

The company claims that its lots were partially, unfairly and unequally assessed, and that they were assessed at a valuation greater than their actual value. These defenses can be interposed upon the application for the March tax judgment. G. S. 1913, § 2108.

The company alleges fraud, and, without examining the question of the materiality of the fraud, though as to some of the company's claims it was not material, we proceed directly to the question whether the company was entitled to the relief asked.

The county board of equalization on August 9, 1912, increased the assessment of the personal property of the Crookston Lumber Company in Bemidji from $242,000 to $387,200. A few days later a petition was presented by certain of the business men of Bemidji, through the Commercial Club, asking that this assessment be reduced. Upon consideration the board changed its former action so as to increase the assessment from $242,000 to $276,000. At the same time it increased the valuation of the real estate in Bemidji ten per cent. These matters have always been of record. It appears that they were of general notoriety. The company had large holdings in Bemidji. It necessarily knew or is charged with knowing the amount of the assessments against its property, and if there was an overvaluation it of course knew it. The answer alleges that it was suspicious of the assessment, but was unable to ascertain a basis for its present motion until August, 1919. If there was fraud, evidences of it were put of record and the fact was of general notoriety. We cannot escape the conclusion that if the company had been diligent it would have found a defense, if there was one, long before its motion

and that it cannot now be heard. It could not ignore facts which should put it on inquiry. Sweet v. Lowry, 131 Minn. 109, 154 N. W. 793. The trial court was well within its discretion in denying the motion. There would be difficulty in sustaining a different holding.

2. The motion to enjoin the sale is in part based upon G. S. 1913, § 2127, which requires the county auditor in June of each year to transmit to the state auditor a list of lands in his county remaining unredeemed. In 1919 this list was not sent until in July. A failure to comply with the statute does not affect the sale. The requirement that a list be transmitted by the county auditor hangs over from a time when the state auditor directed the sale, and gave notice of it, and might conduct it. R. L. 1905, §§ 936, 937. Earlier, in 1878, the requirement was that the list be sent to the state auditor when required by him. Amendments put the statute in the form of G. S. 1913, §§ 2127, 2128. The failure to send the list is not something which the landowner may use to prevent or defeat a sale.

Order affirmed.