### O. P. GORDON AND ANOTHER v. H. H. PALMER.[1]

June 27, 1924.

No. 24,044.

**Service of notice of expiration of time to redeem from tax title.**
1.  The presumption that public officers perform their official duties does not dispense with the necessity of a showing of a strict compliance with the requirements of the statute, in a sheriff's return of service of a notice of expiration of time of redemption from a tax sale, in a tax title proceeding.

**To whom such notice must be directed and what return must show.**
2.  A notice of the expiration of redemption from a tax sale must be directed to the person in whose name the lands are assessed and to all owners and persons interested in the land, and the return of the notice by the sheriff must show the time, place and manner of service upon the persons to whom the notice is directed.

Action in the district court for Koochiching county to determine adverse claims to certain real estate. The case was tried before Stanton, J., who made findings and ordered judgment in favor of plaintiffs. Defendant's motion for amended and additional findings and conclusions was denied. From the judgment entered pursuant to the order for judgment, defendant appealed. Affirmed.

*Frank Palmer* and *Harvey H. Palmer,* for appellant.

*J. J. Hadler,* for respondent.

QUINN, J.

Action to determine adverse claims to lots 3, 4 and 5, block 5, village of Littlefork, Koochiching county. The defendant answered, claiming ownership through a tax title proceeding. From a judgment in favor of the plaintiff, defendant appealed.

The record title of lots 3 and 5 was in Charles Erickson, and of lot 4 in Margaret Erickson, his wife. The taxes were not paid for the year 1912. The lots were sold for taxes and bid in by the

[1]Reported in 199 N. W. 895.

defendant, who received tax certificates therefor. There was a mortgage covering the three lots, which was subsequently foreclosed. The plaintiffs bid in the lots at the foreclosure sale. There was no redemption from the sale, and the period of redemption expired on February 2, 1919, at which time plaintiffs went into possession, and have ever since remained in possession through their tenant, D. D. Dumas.

On August 12, 1919, the defendant presented the tax certificates which he held to the county auditor, who thereupon issued and delivered to the defendant notices of the expiration of time for redemption from the sale of each of the lots. The notices covering lots 3 and 5 were directed to Charles Erickson, in whose name the lots were assessed in 1918, and the notice covering lot 4 was directed to Margaret Erickson, in whose name it was assessed in 1918. Each of the notices was delivered to the sheriff of the county for service on August 21, 1919. On August 27, 1919, the notices were returned by the sheriff to the auditor with his return indorsed thereon. The return on the notices as to lots 3 and 5, directed to Charles Erickson, was in words and figures as follows:

STATE OF MINNESOTA,
    County of Koochiching,        ss.

I, Hugh T. McIntosh, sheriff of the county of Koochiching, state of Minnesota, do hereby certify and return that on the 27th day of August, A. D. 1919, I served the within notice upon Margaret Erickson, wife of the person to whom the same is directed by handing to and leaving with her personally a true and correct copy thereof.

                              Hugh T. McIntosh,
                    Sheriff, Koochiching County, Minn.
                         By Peter Tweland,
                                      Deputy.

The return indorsed on the notice as to lot 4, directed to Margaret Erickson, was in words and figures as follows:

STATE OF MINNESOTA,
    County of Koochiching,        ss.

I, Hugh T. McIntosh, sheriff of the county of Koochiching, State of Minnesota, do hereby certify and return that on the 27th day of August, A. D. 1919, I served the within notice upon Margaret Erickson, the person to whom the same is directed by handing to and leaving with her personally a true and correct copy thereof.

                        Hugh T. McIntosh,
                Sheriff, Koochiching County, Minn.
                        By Peter Tweland,
                                    Deputy.

Subsequently and within 20 days after the receipt of such notices, the sheriff delivered to the auditor two further returns, in form as follows:

STATE OF MINNESOTA,
    County of Koochiching,        ss.

I hereby certify and return that at the village of Littlefork in said county on the 27th day of August, 1919, I served the within notice of expiration upon Chas. Erickson the party to whom the same was addressed by handing to and leaving with one Margaret Erickson (his wife) a person of suitable age and discretion, at his usual place of abode, a true and correct copy thereof—the said Margaret Erickson being then and there a resident thereof.

                        Hugh T. McIntosh,
                        Sheriff of said county.
                        By Peter Tweland,
                                    Deputy.

These returns were not attached to or made a part of the notices. They were placed by the auditor in envelopes where the notices were kept, and were not marked "filed" until on May 20, 1920, when the auditor indorsed thereon a filing as of August 27, 1919. Chapter 470, p. 605, Laws 1919, requires that such notice be directed to the person in whose name the lands are assessed, and to all owners, mort-

gagees, lienholders and persons interested in the land, and shall be delivered to the party applying therefor, who shall deliver it to the sheriff of the county for service. The statute further provides that the sheriff shall, within 20 days, serve the same in the manner prescribed for serving a summons in a civil action, upon the person or persons to whom it is directed, if to be found within the county. If not so found, then it shall be served upon the person in possession of the premises, and return thereof made to the auditor. It is further provided that within 10 days after the filing of such return showing service of the notice within the county, or if the person to whom it is directed cannot be found within the county, and there is no one in possession of the premises, then the auditor shall make out and serve by registered mail a copy of such notice on the person to whom it is directed, properly addressed to such person at his place of residence, as shown by the treasurer's or auditor's records.

Section 7740, G. S. 1913, provides that the proof of service shall be as follows: "If service be made otherwise than by published notice, the proof shall state the time, *place* and manner" of service. Section 2148, G. S. 1913, as amended by chapter 470, p. 605, Laws 1919, provides as follows: "Within twenty days after its receipt by him, the sheriff shall serve such notice upon the persons to whom it is directed, if to be found in his county, in the manner prescribed in serving a summons in a civil action, and, if not so found, then upon the person in possession of the land."

The purpose of the statute is clearly illustrated by the circumstances attending the instant case. The Ericksons, in whose names the land was assessed, are no longer interested. If they were not to be found in the county, then the service should have been made upon the party in possession. Therefore, if service cannot be made upon them in the county, the fact should appear to show the regularity of the service upon the person in possession so as to demonstrate the legality of the proceeding. A service upon the party to whom the notice is directed, if made outside of the county, would not excuse a want of service on the person in possession, and would be ineffective in such a tax proceeding. Such a situation will not be aided by a presumption that the officer acted only within his county. Deaver v.

Napier, 139 Minn. 219, 220, 166 N. W. 187. John v. Luck Land Co. 129 Minn. 367, 152 N. W. 764. The purpose of the statute is to inform the real party in interest, of the time of the expiration of the period of redemption. Where the party to whom the notice is directed cannot be found in the county, then there must be service upon the party in possession, if there be such.

The amended returns upon the notices relating to lots 3 and 5 show that Charles Erickson was not found within the county, and fail to show any service upon Dumas who was in possession of the premises as tenant of plaintiffs. Nor were the notices directed to the owners of the property as required by the statute. In proceedings of this nature, the notice, as well as the return of the sheriff, must conform strictly with the requirements of the statute. Telford v. McGillis, 130 Minn. 397, 153 N. W. 758, Ann. Cas. 1916E, 157. The failure of the return to comply with the statute is fatal to the validity of the proceeding.

A further discussion of the matter is deemed unnecessary. Defendant is entitled to a lien for the amount of the taxes with interest. This was given him. Plaintiffs were properly adjudged owners of the property, subject to such lien.

Affirmed.