## DAVID C. SINELL v. TOWN OF SHARON AND OTHERS.[1]

December 8, 1939.

No. 32,228.

*Fred A. McGuire,* for appellant.
*George T. Havel,* for respondents.

JULIUS J. OLSON, JUSTICE.

To plaintiff's petition for a writ of *mandamus* "commanding and requiring the defendants to forthwith take steps to open up,

[1]Reported in 289 N. W. 44.

grade and make suitable for safe public travel" a township road, defendants interposed a general demurrer. It was sustained by the trial judge, who directed that the alternative writ theretofore issued be quashed and ordered that the proceedings be dismissed on the ground that the petition did "not state facts sufficient to grant the relief therein sought and prayed for." Plaintiff appeals from that order.

The facts alleged may be thus summarized: Plaintiff is, and with his predecessors in title has been for more than 62 years the owner of a 40-acre farm (NW ¼ of SW ¼) in section three in defendant township. On June 2, 1874, a petition was filed with the town board requesting that a road "be opened or altered * * * as follows: Commencing at the Southeast corner of Section 4 and run north one-half a mile on the line between Sections 3 and 4 to the quarter post, thence West," etc. The board on July 15, 1874, made an order laying out and establishing the road so petitioned for. That order "has never been modified, altered or changed." Ever since that time "plaintiff and his predecessors in title have repeatedly requested and demanded" that the township officers proceed to "remove all obstructions and fences from the line of said road, open up, grade, work and construct said road including the erection and construction of bridges and culverts," on the line where so laid in 1874. But defendants "through negligence, indifference and carelessness * * * have persistently, arbitrarily, wilfully and capriciously failed and refused to comply with plaintiff's demand or the needs of the traveling public." At all times since the order was made there is and has been "sufficient money belonging to the road and bridge fund in the treasury" of the township "unappropriated and available for the purpose of opening, grading, working, placing bridges and culverts on said road" so as to make it a serviceable thoroughfare.

Defendants have directed our attention to several hurdles over which they think plaintiff has failed to leap. Only one need be considered, laches.

Laches has been defined as "unreasonable delay" in seeking relief or asserting one's right in equity. "The pith of the doctrine

of laches is unreasonable delay in enforcing a known right." Briggs v. Buzzell, 164 Minn. 116, 119, 204 N. W. 548, 549. "It is a strictly equitable defence as distinguished from the absolute defence of the statute of limitations." 4 Dunnell, Minn. Dig. (2 ed.) § 5350, and cases under notes 67 and 68.

■ In respect to the necessity of pleading laches, it is generally held that if a complaint in an equitable action discloses delay in the assertion of a right which, remaining unexplained, amounts to laches, it is necessary for the pleader to allege facts excusing the delay. Sweet v. Lowry, 131 Minn. 109, 154 N. W. 793; Brockman v. Brockman, 133 Minn. 148, 157 N. W. 1086. And in Schmitt v. Hager, 88 Minn. 413, 93 N. W. 110, it was held that one may take advantage of laches without pleading it. See also 4 Dunnell, Minn. Dig. (2 ed. & 1932 Supp.) § 5359, and cases cited in notes.

■ As *mandamus* is an extraordinary remedy, it necessarily follows that it will not lie to control discretion although it will lie to compel an officer to exercise discretion. It is neither law nor the source of law. As a remedy it is granted only on equitable principles. *Id.* §§ 5752, 5753, and cases under notes.

■ Testing the facts here appearing by these well known and simple rules, and where we have, as in this case, no facts excusing delay over a period of more than 62 years, it necessarily follows that laches prevents the granting of the relief sought. This is but applying "the maxim that equity aids the vigilant, and not the negligent." Brandes v. Carpenter, 68 Minn. 388, 390, 391, 71 N. W. 402, 403.

The order is affirmed.