CONSTANCE GRACE MITCHELL v.
EQUITABLE LIFE ASSURANCE SOCIETY
OF THE UNITED STATES.

245 N. W. 2d 618.

September 3, 1976—No. 46126.

---

*William Starr* and *Daniel Zeddies,* for appellant.

*Briggs & Morgan* and *Samuel L. Hanson,* for respondent.

Heard before Sheran, C. J., and Rogosheske and Todd, JJ., and considered and decided by the court en banc.

TODD, JUSTICE.

Constance Grace Mitchell (Mitchell), an employee of Twin City Federal Savings and Loan Association (TCF), sought to recover disability benefits from The Equitable Life Assurance Society of the United States (Equitable) under a group long term disability income policy furnished by Equitable to TCF to cover TCF employees. The lower court denied recovery, finding that Mitchell failed to prove total disability and that she had failed to conform to the policy requirements as to medical treatment, notice of injury, and proof of disability. Mitchell appeals from the judgment. We affirm on the ground that Mitchell did not comply with the policy requirements as to proof of disability, and therefore principles similar to those underlying the doctrine of laches dictate that she should be barred from asserting this claim.

Mitchell was employed by TCF in its cafeteria. In May 1970, she was hospitalized and treated for phlebitis of the left leg, varicose veins, and obesity. A claim based on the expenses of this hospitalization was timely submitted to Equitable on Mitchell's behalf by TCF, and such claim was duly paid. On June 2, 1970, Mitchell's treating physician reported that she had recovered and was capable of returning to work, although a subsequent re-

port by this same physician in November 1970 stated that Mitchell should avoid prolonged sitting or standing in one place. Mitchell sought to return to work at TCF on a part-time basis in June 1970, but was informed there was no part-time work available, and her employment was terminated by TCF.

In August 1970, Mitchell inquired of TCF regarding possible disability claims. Equitable's notice-of-claim form under the disability policy was comprised of three parts: An employer's statement, an employee's statement, and a physician's certificate. By letter dated August 13, 1970, TCF transmitted the employee's statement and the physician's certificate to Mitchell's attorney, who delivered them to Mitchell. In addition, TCF at that time mailed to Equitable the employer's statement relating to Mitchell's potential disability claim. That statement notified Equitable that Mitchell claimed disability, but also contained TCF's recommendation that no benefits be paid because Mitchell could obtain full-time employment at the time and had requested part-time employment with TCF. Mitchell never furnished TCF or Equitable with the employee's statement or the physician's certificate. Equitable made several requests of TCF for the employee and physician statements and was finally advised by TCF in early 1971 that Mitchell had abandoned her claim, a fact which is not disputed in the record by Mitchell. Accordingly, Equitable closed its file on Mitchell's claim.

In March 1973, Mitchell commenced this action against Equitable, seeking recovery for long term disability benefits as provided in the policy.[1] The policy provides that an employee

---

[1] Pursuant to a stipulation between the original parties, Mitchell amended her complaint to add as defendants her employer, Twin City Federal Savings and Loan Association, and its employee benefits manager, Thomas A. Brasel. The theory of the amended complaint was that Mitchell relied upon Brasel to preserve her rights under the disability insurance policy and that his failure to do so, or at least to advise her as to the steps she should herself take to preserve her rights, constituted a breach of duty owed to her under her employment contract. However, when the case came on for trial, the claims against TCF and Brasel were dismissed with prejudice upon Mitchell's motion.

is totally disabled and thus entitled to receive benefits under the following circumstances:

"* * * [I]f he is wholly and continuously unable (i) during the first two years of any one period of disability, to perform any and every duty pertaining to his employment, and (ii) during the remainder of such period of disability, to engage in any occupation or perform any work for compensation or profit for which he is or may become reasonably fitted by education, training or experience."

The trial court found that Mitchell was "totally disabled" under the policy definition for the first 2 years, but that she did not qualify thereafter since she was suitable for other employment. The trial court also found that Mitchell was not "under the regular care and attendance of a legally qualified physician" as required by the policy. Further, the trial court found that she had not complied with policy provisions requiring that the claimant submit notice of injury and proof of disability to Equitable. Mitchell appeals from the judgment entered for defendant pursuant to these findings, challenging principally the findings as to notice of injury and proof of disability.

■ With respect to notice, we hold that the lower court erred in finding lack of proper notice. The policy provision as to notice of claim states:

"Written notice of injury or sickness upon which claim may be based must be given to the Society at its Home Office in the City of New York no later than one month prior to the expiration of the qualifying period, *or as soon thereafter as is reasonably possible.*" (Italics supplied.)

The employer's statement furnished to Equitable by TCF in August 1970 satisfied the notice requirement of the policy. The policy does not require that the notice be supplied specifically by the claimant rather than by his employer, and if it did, the validity of such a limitation would be open to serious question. Here, the facts that Equitable sought additional information re-

garding Mitchell's potential claim on several occasions, and that it only closed its files in the matter in early 1971 upon being advised that the claim had been abandoned, confirm that the purpose of the notice requirement—that Equitable be informed of the possible claim—was adequately served by the duly completed and transmitted employer's statement.

Equitable asserts that the notice of claim was due by July 13, 1970, in which case the employer's statement, which was not sent to Equitable until August 12, 1970, would not comply with the policy's notice requirement. However, as the emphasized portion of the foregoing provision indicates, the policy affords sufficient leeway in defining the time when notice must be filed to render the notice provided in the instant case timely.

■ We concur with the finding of the trial court that Mitchell did not furnish Equitable with proper proof of disability. The policy provision as to proof of disability states in part:

"Written proof of total disability * * * must be furnished to the Society at its Home Office in the City of New York on the Society's forms within ninety days after the termination of the first monthly period of benefits following the expiration of the qualifying period."

The contrast between this provision and the one governing notice of injury, in terms of specificity, should be noted. Unlike the latter, the proof-of-disability provision designates a specific manner in which the required information must be provided— namely, completion of three forms by the employee, the employer, and the attending physician, respectively. In addition, the proof-of-disability provision differs from the notice provision in that it does not provide a flexible extension of the period during which the required information must be received, but imposes an absolute deadline. While it is not necessary for us to determine, in light of the facts involved herein, whether Equitable may insist on a rigid, literal compliance with the precise terms of this provision, we conclude that Mitchell failed to do anything

which can be construed as complying with this provision's spirit and purpose. That purpose—to impose upon a claimant seeking recovery the responsibility of timely alerting the insurer to the nature of the claim so that it may undertake an adequate investigation and evaluation thereof—is eminently reasonable and legitimate and should not be undermined by a holding that the provision requiring the filing with Equitable of proof of disability was satisified by other information received by Equitable which was indirectly related to the disability.

Mitchell acknowledges that she never completed and submitted the employee's statement and did not provide the physician's certificate which were required to be filed along with the employer's statement under the terms of the policy, although she remembered receiving them from TCF. Rather, she contends that the purpose of this provision was adequately served by (1) TCF's submission on her behalf of a claim under the Hospital Expense Insurance section of the Equitable policy, which was duly paid by Equitable, and (2) Equitable's receipt of the completed employer's statement which was part of the required proof-of-disability form.

We reject this contention since it completely ignores the practicalities of the situation. Equitable receives and processes hundreds of hospitalization claims daily; to require that these be reviewed to see if there subsequently is a disability claim with reference to one of them is unrealistic. As for the employer's statement, we fail to see how it can be deemed to afford adequate proof of Mitchell's disability in view of the fact that it contained TCF's opinion that Mitchell was not disabled and that no benefits should be paid to her. A form containing such an opinion was not at all likely to serve the intended purpose of the required proof-of-disability statements—to provide impetus for the insurance company to investigate the claim while the evidence pertaining to it remains fresh and accessible.

The important principle which is served by the proof-of-disability requirements is akin to that promoted by the doctrine

of laches—namely, that a party should not be heard to assert a right to recover when, by unreasonably delaying its assertion of that right, it has caused prejudice to another. See, Sinell v. Town of Sharon, 206 Minn. 437, 289 N. W. 44 (1939) ; 10B Dunnell, Dig. (3 ed.) §§ 5350 and 5351. In this case, Mitchell should not be permitted to take advantage of her failure to timely provide Equitable with proof as to her claimed disability—a failure which prejudiced Equitable in that it had no reason to undertake a meaningful investigation and evaluation of the claim.

Having determined that the trial judge correctly found that Mitchell failed to comply with the proof-of-disability requirements of the policy, we need not consider other issues raised by these proceedings.

Affirmed.